**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:26-CV-00758-SVN |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, ET AL. | : | |
| *Defendants.* | : | JUNE 8, 2026 |

## <u>PROPOSED CASE MANAGEMENT ORDER FOR PRELIMINARY INJUNCTION PHASE</u>

Pursuant to the Court's order on June 2, 2026 (ECF No. 21), the parties hereby submit the following competing proposed schedules for the preliminary injunction phase of this case, as they were unable to reach agreement.

1.)     The parties conferred on June 3, 2026 by telephone and subsequently by email but were unable to come to an agreement for a briefing schedule or a stipulation.

2.)     Plaintiff proposes the following briefing schedule:

Defendants' Opposition to Plaintiff's PI motion: June 26, 2026

Defendants' Response to the Complaint: June 26, 2026

Plaintiff's reply in support of its PI motion: July 10, 2026

Plaintiff notes that this proposed schedule reflects a two-week extension on Defendants' opposition to the preliminary injunction motion, giving them five weeks total, and reflects a two and a half week extension for Defendants' response to the complaint. Plaintiff offered a longer extension if Defendants were willing to stay enforcement of the laws, but Defendants declined that offer.  Given that the laws

1

subject federal agents to potential criminal liability for performing their official duties, and given that Defendants are not willing to stay enforcement, Plaintiff believes a quick resolution is needed.

3.)    Defendants respectfully request the deadline for their opposition to the Plaintiff's motion for preliminary injunction and for their deadline to answer or otherwise respond to the complaint be extended to July 13, 2026.

Good cause exists for this extension. Defendants require this extension to fully brief and respond to the complex issues in this case, including preparing potential expert declarations, preparing declarations and marshaling evidence from their clients, and researching, preparing, and briefing their responsive pleading. Moreover, as discussed more below, Defendants are foregoing a request for full discovery on Plaintiff's grounds for preliminary injunction and are instead requesting initial disclosure of all policies, practices or other documents relied upon or incorporated by reference in Plaintiff's complaint, motion and declarations. Defendants require some time to review and consider these documents and incorporate them into Defendants' response to the preliminary injunction. Moreover, the federal government has sued Connecticut multiple times this year. Counsel in the case are actively defending another lawsuit brought by the federal government against the State of Connecticut over the Connecticut's Trust Act, Conn. Gen. Stat. § 54-192h, and other guidance. That matter, which also raised issues of federalism and state sovereignty has a responsive pleading deadline of July 6, 2026. *See USA v. State of Connecticut, et. al.,* 3:26-cv-00568-AWT.

2

4.)     As noted above, Defendants are not requesting full discovery before filing their brief in opposition to Plaintiff's motion for preliminary injunction, however, Defendants do request the Court order Plaintiff to provide initial disclosure of any documents, practices or policies incorporated by reference in their declarations, motion and complaint on or before July 6, 2026 or 7 days before Defendants brief is due if the Court does not provide Defendants until July 13, 2026 as requested. Defendants will similarly provide Plaintiff with any policies, practices or other documents they intend to rely upon when they file their brief and declarations in opposition. Defendants believe exchanging this information, akin to initial disclosures, early in these proceedings will avoid undue prejudice to either parties and may avoid delay at the hearing on this motion.  Defendants do intend to seek full discovery in the normal course at the merits stage of this case, as is their right. Defendants submit any such policies and practices are relevant to determining the question of whether "state law seeks to improperly 'control' the employee's federal duties, or whether the law only 'might affect incidentally the mode of carrying out the employment—as, for instance, a statute or ordinance regulating the mode of turning at the corners of streets.'" *State v. United States Dep't of Homeland Sec.,* 123 F.4th 186, 206 (5th Cir. 2024) (*quoting Johnson v. Maryland,* 254 U.S. 51, 56-57 (1920)); *see also US v. Washington,* 596 U.S. 832, 838 (2022). Although Defendants believe Plaintiff's preliminary injunction motion should be denied in any event, Plaintiff affirmatively references federal policies and documents to support their motion and now opposes turning over the very documents on which they rely.

**5.)**    Plaintiff believes discovery is unnecessary and irrelevant to the legal issues presented to the Court. The Supremacy Clause precludes states from regulating the Federal government, even if that regulation is co-extensive with the Federal government's policies. *United States v. California*, 173 F.4th 1060, 1067 (9th Cir. 2026). Defendants have not cited any reason that any discovery is required for them to oppose Plaintiff's preliminary injunction motion.  Indeed, their half-hearted legal justification was rejected by the Ninth Circuit. *Id.* At 1068. Further, Plaintiff did not receive notice of Connecticut's request for such policies until approximately 11:20 a.m. on Monday, June 8, and has not had sufficient time to confer with its clients regarding that request. Furthermore, Plaintiff notes that use of force policies for the Department of Justice and U.S. Customs and Border Protection are publicly available.

1.)    Plaintiff proposed a temporary stay of enforcement of the challenged provisions in exchange for a 30-day extension of time to respond, but the parties were unable to agree. Defendants proposed a consolidation of the preliminary injunction with the merits pursuant to Rule 65 in exchange for a temporary stay of enforcement of the challenged provisions, but the parties were unable to agree. Defendants do not see the efficiency in considering a stay pending the preliminary injunction given all of the logistical complexities that would be involved in coordinating a stay of enforcement from non-parties.

                                        Respectfully submitted,
                                        DEFENDANTS,

                                        4

WILLIAM TONG
ATTORNEY GENERAL

By:____/s/ *Timothy Holzman*_____
Timothy Holzman (ct30420)
Janelle Medeiros (ct30514)
Edward Rowley (ct30701)
Assistant Attorneys General
Attorney General's Office
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
Tel:  (860) 808-5020
Fax: (860) 808-5347
Janelle.Medeiros@ct.gov
Timothy.Holzman@ct.gov
Edward.Rowley@ct.gov

PLAINTIFF
UNITED STATES OF AMERICA

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

CHARLES E.T. ROBERTS
Counsel to the Assistant Attorney General
Civil Division


*/s/Alexandra McTague Schulte*_____
ALEXANDRA MCTAGUE SCHULTE
Senior Litigation Counsel (NY Bar No. 4342911)
U.S. Department of Justice
Civil Division
Enforcement & Affirmative Litigation Branch
P.O. Box 386
Washington, DC  20044-0386
Tel: (202) 718-0483
Email: alexandra.schulte@usdoj.gov

5

**CERTIFICATION**

I hereby certify that on June 8, 2026, a copy of the foregoing was electronically filed and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's system.

/s/ *Janelle Medeiros*
Janelle Medeiros (ct30514)
Assistant Attorney General

6