IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:26-CV-00758-SVN |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, ET AL. | : | |
| *Defendants.* | : | JULY 13, 2026 |

**MOTION TO FILE EXHIBIT 14 TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S PRELIMINARY INJUNCTION UNDER SEAL**

Pursuant to Local Rule 5(e)(3) of the United States District Court for the District of Connecticut, the Defendants request leave of the Court to manually file under seal Exhibit 14 to Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction.

On June 9, 2026, the Court ordered the Plaintiff to produce any policies mentioned or incorporated by reference into Plaintiff's complaint, its motion for preliminary injunction, and the supporting declarations to the Defendants by July 6, 2026. On July 6, 2026, counsel for the Plaintiff produced such policies. Plaintiff's counsel designated two entire policies as "CONFIDENTIAL" pursuant to the Court's standing protective order. ECF No. 6.  In addition to designating these policies as confidential, Plaintiff's counsel redacted portions of these documents, and produced a privilege log for these redactions.

The Court's Standing Protective Order, ECF No. 6, allows a party producing "information, documents and other materials" to be "designated by the producing party" as "designated material" under the Order, meaning the party may designate material as either "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY." ECF No. 6 at ¶¶ 2-4.  The Order further states "[i]f it becomes necessary to file Designated Material with the Court, a party must comply with

1

Local Civil Rule 5 by moving to file the Designated Material under seal." ECF No. 6 at ¶ 14.

Local Rule 5(e)(3) states that sealing is authorized for "clear and compelling reasons" and "narrowly tailored to serve those reasons." "As this Court has previously held, and as is provided by Local Rule 5(e)(3), documents may not be sealed merely on consent of the parties." *United States SEC v. Ahmed*, No. No. 3:15cv675 (JBA), 2020 U.S. Dist. LEXIS 251668, *13-14 (D. Conn. Jul. 10, 2020). "The Court's Standing Protective Order explains that documents filed with the Court are 'public documents' which will be sealed not automatically but 'only upon motion and in accordance with applicable law.'" *Id*. "Any order to seal issued by the Court must include 'particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to support those reasons.'" *Id*. (quoting D. Conn. L. Civ. R. 5(e)3). "For a document to be properly sealed, the Court must determine the weight of the presumption of public access to that document and balance against it any competing considerations, such as the privacy interests of those resisting disclosure." *Id*. (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.").

Defendants respectfully submit this Motion in an effort to comply both with the Standing Protective Order and Local Rule 5, and respectfully request that Exhibit 14 to Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction be filed under seal.

Respectfully submitted,
DEFENDANTS

WILLIAM TONG
ATTORNEY GENERAL

By: /s/ *Janelle Medeiros*
    Janelle Medeiros (ct30514)
    Timothy Holzman (ct30420)
    Edward Rowley (ct30701)
    Assistant Attorneys General
    Office of the Attorney General
    165 Capitol Avenue, Suite 5000
    Hartford, CT 06106
    Tel:  (860) 808-5020
    Fax: (860) 808-5347
    E-mail: Janelle.Medeiros@ct.gov
    Timothy.Holzman@ct.gov
    Edward.Rowley@ct.gov

3

## CERTIFICATION

I hereby certify that on July 13, 2026, a copy of the foregoing was electronically filed and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's system.

U.S. DOJ-Civil Rights Dept.
Alexandra Schulte
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Alexandra.Schulte@usdoj.gov

/s/ *Janelle Medeiros*
Janelle Medeiros (ct30514)
Assistant Attorney General