UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Civil Action No. |
| | : | 3:26-cv-758 (VDO) |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT; NED | : | July 23, 2026 |
| LAMONT, Governor of Connecticut, in his | : | |
| official capacity; WILLIAM TONG, | : | |
| Attorney General of Connecticut, in his | : | |
| official capacity; PATRICK GRIFFIN, | : | |
| Chief State's Attorney of Connecticut, in | : | |
| his official capacity; and ELIOT D. | : | |
| PRESCOTT, Deputy Chief State's | : | |
| Attorney, Inspector General, in his official | : | |
| capacity, | : | |
| Defendants. | : | |

**EXHIBIT A**

**[PROPOSED] ANSWER OF INTERVENOR-DEFENDANT SAIFULLAH KHAN**

Intervenor-Defendant Saifullah Khan answers the numbered paragraphs of the complaint as follows. Allegations not expressly admitted are denied.

1. Paragraph 1 states conclusions of law and characterizations of judicial decisions, to which no response is required. To the extent a response is required, the cited decisions speak for themselves, and the remaining allegations are denied.

2. Denied.

3. Admitted that the General Assembly passed Substitute Senate Bill No. 397 on May 1, 2026; that the Governor signed it into law on May 4, 2026; and that the challenged provisions took effect upon passage. The Act speaks for itself. The characterizations in paragraph 3, including "misleadingly titled" and "blatantly unconstitutional," are denied.

1

4. The Act speaks for itself. Denied as characterized, and denied that any challenged provision violates the Supremacy Clause.

5. The Act speaks for itself. Admitted that Section 6 addresses facial coverings and officer identification and provides that intentional violations are a class D misdemeanor. The remaining allegations and characterizations are denied.

6. Admitted that the Ninth Circuit and the Central District of California issued the decisions cited, which speak for themselves. Denied that those decisions govern this case or that the Act is materially indistinguishable in the respects that matter.

7. Denied.

8. Paragraph 8 states conclusions of law to which no response is required. To the extent a response is required, it is admitted that 28 U.S.C. §§ 1331 and 1345 confer jurisdiction over actions of this kind; it is denied that the United States has Article III standing, as set forth in the Second Defense.

9. Admitted.

10. Paragraph 10 states conclusions of law to which no response is required. Denied that the United States is entitled to any relief.

11. Admitted upon information and belief.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. The constitutional text and the cited decision speak for themselves; otherwise denied as characterized.

18. The constitutional text speaks for itself.

19. The cited decisions speak for themselves; otherwise denied as characterized.

20. The cited statutes speak for themselves; otherwise denied as characterized.

21. The cited statutes speak for themselves; otherwise denied as characterized.

22. Admitted that federal officers perform duties within Connecticut. The cited decision speaks for itself.

23. The cited statutes speak for themselves; otherwise admitted upon information and belief.

24. The cited regulations speak for themselves; otherwise admitted upon information and belief.

25. The cited regulation speaks for itself; otherwise admitted upon information and belief.

26. The cited authorities speak for themselves; otherwise admitted upon information and belief that the Department of Homeland Security, through ICE and CBP, is principally responsible for enforcing the federal immigration laws.

27. The cited statutes speak for themselves; otherwise admitted upon information and belief.

28. Admitted.

29. Admitted.

30. The Act speaks for itself. Denied as characterized, including the assertion that the Act imposes "standards that conflict with and differ materially from" applicable federal standards.

31. The Act speaks for itself. Admitted that the quoted fragments appear in Section 6; otherwise denied as characterized.

32. The Act speaks for itself. Admitted that Section 3 amends Conn. Gen. Stat. § 51-277a and that the quoted definitional language appears there; otherwise denied as characterized.

33. Admitted that the Governor and the Attorney General made public statements concerning the Act, including the statements quoted. Otherwise denied, including any implication that lawful enforcement of a presumptively valid state statute is a wrong warranting relief.

34. Denied. The cited decision speaks for itself.

35. Denied. The cited decisions speak for themselves and arose on a different record concerning a different statute.

36. Paragraph 36 states conclusions of law regarding standing to which no response is required; to the extent a response is required, denied.

37. Denied.

38. Denied, including the assertion that the Act "recklessly disregards officer safety, public safety, and federal operational needs."

39. Mr. Khan lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning federal training and internal policies, and on that basis denies them. The cited decisions speak for themselves. The remaining characterizations and conclusions are denied.

40. Denied; the Act speaks for itself.

41. The Act and the referenced federal policies speak for themselves; otherwise denied.

42. Denied.

43. Denied as stated. Mr. Khan lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning threats against federal officers generally, and on that

basis denies them. Denied that any such circumstances justify concealing the identities of officers who use force against members of the public.

44. Mr. Khan lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis denies them.

45. Mr. Khan lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis denies them.

46. Mr. Khan lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis denies them. Denied as to the characterizations of persons affected by federal immigration enforcement.

47. Denied as stated; Mr. Khan lacks knowledge or information sufficient to form a belief about internal agency practices, and on that basis denies the allegations.

48. Denied as stated; Mr. Khan lacks knowledge or information sufficient to form a belief about internal agency practices, and on that basis denies the allegations.

49. The cited regulation speaks for itself; otherwise denied.

50. Denied.

51. Denied. The cited decisions speak for themselves.

52. Denied.

53. Denied.

54. Paragraph 54 states conclusions of law; to the extent a response is required, denied as stated.

55. Denied as stated. The public interest in the safe and effective enforcement of federal law is not disputed; the implication that the Act is inconsistent with that interest is denied.

56. Mr. Khan repeats and incorporates his responses to paragraphs 1 through 55.

57. Denied.

58. The Act speaks for itself; otherwise denied as characterized.

59. Denied.

60. Denied.

61. Denied.

62. Mr. Khan repeats and incorporates his responses to paragraphs 1 through 55.

63. Denied.

64. The Act speaks for itself; otherwise denied as characterized.

65. The Act speaks for itself; otherwise denied as characterized.

66. Denied.

67. Denied.

## **DEFENSES**

*First Defense.* The complaint fails to state a claim upon which relief can be granted.

*Second Defense.* The United States lacks Article III standing to challenge, and its claims are not ripe as to, provisions that have not been enforced or threatened with enforcement against any federal officer; its asserted injuries are neither fairly traceable to the defendants it has named nor redressable by relief against them.

*Third Defense.* The doctrine of intergovernmental immunity does not shield individual federal officers from neutral, generally applicable state-law protections for constitutional rights, and the relief sought exceeds any immunity the Constitution confers.

*Fourth Defense.* The provisions of the Act are severable. *See* Conn. Gen. Stat. § 1-3. No judgment may properly extend beyond the provisions and applications actually adjudicated.

*Fifth Defense.* The United States is not entitled to equitable relief; among other things, the balance of equities and the public interest do not favor an injunction.

Mr. Khan reserves all additional defenses that may appear through discovery or further proceedings, and joins in the defenses asserted by the State of Connecticut and its officials to the extent applicable to him.

WHEREFORE, Intervenor-Defendant Saifullah Khan respectfully requests that the Court deny the relief sought in the complaint, enter judgment for the defendants, and award such further relief as is just.

Respectfully submitted,

THE INTERVENOR-DEFENDANT,
SAIFULLAH KHAN

By: /s/ Alexander T. Taubes
Alexander T. Taubes, Esq.
470 James Street, Suite 007
New Haven, Connecticut 06513
Tel. (203) 909-0048
alextt@gmail.com
Federal Bar No. ct30100