**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| THE UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF CONNECTICUT; NED LAMONT, Governor of Connecticut, in his official capacity; WILLIAM TONG, Attorney General of Connecticut, in his official capacity; PATRICK GRIFFIN, Chief State's Attorney of Connecticut, in his official capacity; and ELIOT D. PRESCOTT, Deputy Chief State's Attorney, Inspector General, in his official capacity, <br><br> Defendants. | No. 3:26-cv-758 <br><br> **COMBINED SUPPLEMENTAL BRIEF REGARDING DEFENDANTS' MOTION TO SEAL, ECF 32, AND MEMORANDUM IN SUPPORT OF MOTION TO SEAL AND ACCEPT SUBSTITUTE COPIES FOR FILING** |

**INTRODUCTION**

Pursuant to this Court's June 17, 2026, Order, ECF 36, and Local Rule 5(e)(3), the United States submits this supplemental brief regarding Defendants' motion to seal Exhibit 14, ECF 32, and memorandum in support of its motion to seal three exhibits Defendants submitted in support of their opposition to the United States' motion for preliminary injunction: ECF 31-1, 31-2, and 31-4, and to accept substitute copies for filing.

In support of their opposition to the United States' motion for preliminary injunction, Defendants submitted Chapter 4 of U.S. Immigration and Customs Enforcement's (ICE) use of force policy, entitled "Use of Force Reporting Requirements" as Exhibit 14. The United States initially designated Exhibit 14 as "CONFIDENTIAL." The Department of Homeland Security (DHS) subsequently informed undersigned counsel that Exhibit 14 is publicly available on ICE's

1

website. *See* uofHandbook_10242023.pdf at 73-79. Accordingly, the designation was done in error, and the United States does not oppose the unsealing of Exhibit 14 (ECF 33), which contains the necessary redactions.

Moreover, the United States respectfully requests that this Court seal Exhibits 1, 2, and 4 (ECF 31-1, 31-2, and 31-4) submitted in support of Defendants' opposition to the United States' motion for preliminary injunction and accept substitute copies for filing (submitted herewith). These entries are judicial documents and sealing of those documents is necessary to protect personally identifiable information of (PII) employees of the Federal Bureau of Investigation (FBI). Re-filing those exhibits with the proper redactions is narrowly tailored to serve those privacy interests.

## PROCEUDRAL HISTORY

On May 15, 2026, the United States commenced this action. ECF 1. On May 22, 2026, the United States moved for a preliminary injunction. ECF 12. On June 9, 2026, the Court ordered the United States to produce to Defendants the policies mentioned or incorporated by reference in its complaint. ECF 23. On July 6, 2026, the United States produced the policies to Defendants, designating portions of those policies as "CONFIDENTIAL" under this Court's Standing Protective Order, ECF 6. *See* ECF 27. The United States also redacted portions of the documents produced for law enforcement privilege and PII and provided Defendants with a privilege log. *Id.*

On July 13, 2026, Defendants filed their opposition to Plaintiff's motion for preliminary injunction and 14 exhibits. ECF 31. On the same day, Defendants filed a motion to seal Exhibit 14. ECF 32; *see also* ECF 33 (sealed document). On July 17, 2026, the Court issued an order allowing Plaintiff to file a supplemental brief in support of Defendants' motion to seal that: "(1) explains the purpose of the confidentiality designation; (2) demonstrates clear and compelling

2

reasons for the sealing of the exhibit; and (3) explains why sealing of the entire document is narrowly tailored to support those reasons." ECF 36.

Upon review of Defendants' opposition to Plaintiff's motion for preliminary injunction and the exhibits submitted therewith, Plaintiff discovered that Exhibits 1, 2, and 4 contained PII that was filed on the docket without proper redaction. Counsel for the United States conferred with counsel for Defendants, who indicated that Defendants do not object to the redaction of cell phone numbers, but object to the redaction of names and emails.

## LEGAL STANDARD

There is a "common law right of public access to judicial documents" in our Nation's jurisprudence. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). However, "the right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In assessing whether the presumption of public access attaches to a particular document, courts engage in a three-step inquiry. *Lugosch*, 435 F.3d at 119-20. First, a court must determine whether the record is a judicial document, which "is one that has been placed before the court by the parties and that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) (*Amodeo I*)). If the record is deemed a judicial document, the court must then assess the weight of the presumption of access, which is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) (*Amodeo II*). Lastly, "the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Mirlis*, 952 F.3d at 59. The presumption

3

may be overcome "by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enter. Co. v. Superior Ct. of California, Riverside Cnty.*, 464 U.S. 501, 510 (1984).

## ARGUMENT

### A.      This Court Need Not Continue to Seal Exhibit 14 (ECF 33).

The United States respectfully submits that this Court need not continue to seal Exhibit 14 to Defendants' opposition to Plaintiff's motion for preliminary injunction, ECF 33, as it is available in the public domain. *See* uofHandbook_10242023.pdf at 73-79.

The United States designated Exhibit 14 as confidential in error. Exhibit 14 was produced to Defendants on July 6 in response to this Court's order. ECF 23, 27. The United States redacted portions of the documents for law enforcement privilege and PII and provided Defendants with a privilege log. ECF 27. Portions of this document contain information relating to law enforcement operations, methods, techniques, and procedures, and information that would reveal the nature, scope and focus of certain law-enforcement processes, techniques, and methods. If disclosed, individuals may be able to discern the types of impact and use-of-force incidents that ICE records, the types of techniques that could result in injuries, the name of a sensitive ICE database that records particular types of events, and evidence preservation techniques. These disclosures could be detrimental to how ICE conducts its law enforcement operations. Moreover, the document contains the name of an ICE employee, the disclosure of which would reveal PII of a government official.

Because the document produced to Defendants possesses the necessary redactions and is the same document that is available on ICE's website, the United States does not oppose the unsealing of Exhibit 14 (ECF 33).

**B.   This Court Should Seal ECF 31-1, 31-2, and 31-4 and Replace them with Redacted Copies to Protect the PII Contained Therein.**

The United States respectfully requests that the Court seal Exhibits 1, 2, and 4 that Defendants submitted in support of their opposition to the United States' motion for preliminary injunction (ECF 31-1, 31-2, and 31-4) because they contain PII of FBI employees. *See* Declaration of Deborah A. Edwards, Unit Chief, Discovery Unit 1, Office of the General Counsel, FBI (Edwards Decl.) ¶¶ 5, 6. Pages 92 through 94 of Defendants' Exhibit 1 contain the name of an FBI employee who is not high-level or public facing, the direct work contact information (including FBI email address, FBI cell phone number, and FBI direct work telephone number) of FBI employees, and an FBI employee's email address hyperlink. *See id.* ¶ 6. Page 7 of Defendants' Exhibit 2 and page 5 of Defendants' Exhibit 4 contain the names of FBI employees who are not high-level or public facing. *Id.* The disclosure of this PII related to law enforcement personnel is routinely guarded from disclosure for security reasons. *Id.*

There are clear and compelling reasons for sealing these exhibits and allowing the limited redactions described herein. The Second Circuit has recognized that the privacy interests of third parties weigh heavily in the analysis of whether the presumption of access applies. *Amodeo II*, 71 F.3d at 1050-51; *see also id.* at 1051 (describing privacy interests as "a venerable common law exception to the presumption of access"). "In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public." *Id.* Courts also weigh the "nature and degree of injury[,]" which involves "consideration not only of the sensitivity of the information and the subject but also of how the person seeking access intends to use the information." *Id.*

The information sought to be redacted—the name of an FBI employee who is not high level or public facing and the direct work contact information of FBI employees, including FBI

5

email addresses, FBI cell phone numbers, and FBI direct work telephone numbers—has no relevance to the current litigation and the disclosure of that information may lead to harassment, threats, or endangerment of these individuals. The disclosure of this information could reasonably be expected to constitute an unwarranted invasion of the FBI employees' personal privacy and subject them to harassment and retaliation in the conduct of their official duties and in their private lives. Public access to civil court records containing their identities and contact information poses a real threat that third parties will access such information and engage in data mining, identity theft, and other crimes. Federal law enforcement officers throughout the country have been targeted for harassment, assault, and murder.

Federal law recognizes the need to protect such information. *See, e.g.*, 18 U.S.C. § 119 (providing protections for the mobile phone number of any officer or employee of the United States); 5 U.S.C. § 552(b)(7)(C) (precluding from production under the Freedom of Information Act (FOIA) "information compiled for law enforcement purposes" that "could reasonably be expected to constitute an unwarranted invasion of personal privacy"). In the FOIA context, courts customarily protect the names and direct contact information for law enforcement officers and administrative personnel. *See, e.g., Fabiano v. McIntyre*, 146 F. App'x 549, 550 (3d Cir. 2005) (per curiam) (affirming withholding of names of FBI personnel); *Schotz v. DOJ*, No. 14-1212, 2016 WL 1588491, at *5 (D.D.C. April 20, 2016) (determining that direct office and cellular phone number of BOP attorney was properly redacted); *Rojas-Vega v. USCIS*, 132 F. Supp. 3d 11, 20 (D.D.C. 2015) (finding protection of "phone numbers, email addresses, names, signatures, and initials of … INS agents" appropriate).

The proposed redactions of these exhibits are narrowly tailored to serve the privacy interests of the FBI employees referenced in Exhibits 1, 2, and 4, while still recognizing the

public's right to access because most of the documents will remain available for public viewing. *See Press-Enter. Co.*, 464 U.S. at 510.

## CONCLUSION

For the foregoing reasons, the United States respectfully submits that the Court need not continue to seal Exhibit 14 (ECF 33), but requests that the Court seal the exhibits currently found at ECF 31-1, 31-2, and 31-4, and allow for their replacement with the limited redactions described in this motion. The proposed substitute exhibits have been filed as attachments to this motion.

Dated: July 24, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JACQUELINE COLEMAN SNEAD
Deputy Director

ALEXANDRA MCTAGUE SCHULTE
Senior Litigation Counsel

*/s/Alessandra Faso*
ALESSANDRA FASO
Senior Litigation Counsel (IL Bar No. 6326883)
U.S. Department of Justice
Civil Division
Enforcement & Affirmative Litigation Branch
P.O. Box 386
Washington, DC  20044-0386
Tel: (202) 451-7728
Email: alessandra.faso@usdoj.gov

*Attorneys for the United States of America*