IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

THE UNITED STATES OF AMERICA,

Plaintiff,

v.

STATE OF CONNECTICUT; NED
LAMONT, Governor of Connecticut, in his
official capacity; WILLIAM TONG,
Attorney General of Connecticut, in his
official capacity; PATRICK GRIFFIN,
Chief State's Attorney of Connecticut, in
his official capacity; and ELIOT D.
PRESCOTT, Deputy Chief State's
Attorney, Inspector General, in his official
capacity,

Defendants.

No. 3:26-cv-758

**STIPULATED SUPPLEMENTAL
PROTECTIVE ORDER**

Upon consideration of Plaintiff's motion, it is hereby ordered that the following stipulated supplemental protective order supplement the Court's standing protective order, ECF 6:

1.      Counsel for the United States is authorized, pursuant to 5 U.S.C. § 552a(b)(12) and consistent with 28 C.F.R. § 16.23, to release information otherwise protected by the Privacy Act, 5 U.S.C. § 552a, provided that the release of such information is reasonably related to the conduct of this litigation. Counsel for the United States may release to counsel for any party to this matter information that would be covered by the Privacy Act, whether such release is pursuant to discovery or otherwise, for use in this litigation.

2.      Counsel for any party to this litigation may designate as "CONFIDENTIAL" any documents, information, or material that the disclosing party reasonably in good faith believes may contain or comprise: (i) information implicating an individual's legitimate expectation of privacy

1

or privacy rights (including under the Privacy Act); or (ii) law enforcement sensitive information, including information that could jeopardize or cause harm to law enforcement activities or could be protected from public disclosure under the Connecticut Freedom of Information Act (Chapter 14 Conn. Gen. Stats.) or the Freedom of Information Act, 5 U.S.C. § 552, et seq.

3.      In designating information as "CONFIDENTIAL," the designating party will do so in writing. Stamping the word "CONFIDENTIAL" on a document that is produced will be sufficient to designate the document.

4.      Any party's counsel may, at any time, object to the designation of information as "CONFIDENTIAL." In that event, the designating party and the objecting party shall confer as promptly as practicable to attempt to resolve the objection. If the parties are unable to resolve the objection informally, the objecting party may submit the dispute to the Court for resolution. Until the Court resolves the dispute, the designated information shall be treated as "CONFIDENTIAL."

5.      "CONFIDENTIAL" information provided through discovery or otherwise in this litigation, shall be handled and disclosed by the parties only as follows:

      a. "CONFIDENTIAL" information may be used only for purposes of this litigation and shall not be given, shown, made available, discussed or otherwise communicated in any form to anyone other than: (i) counsel for any party, such counsel's firm and its employees and outside consultants and experts retained by counsel for purposes of this litigation; (ii) other employees of the United States who have a need to know the protected information for the defense or prosecution of this case and outside consultants or experts retained by the United States for purposes of this litigation; (iii) any party to this action; (iv) the Court and its Clerk and other court personnel; and (v) any prospective

witnesses or deposition or trial witnesses in this action, but only for purposes of testimony or preparation of testimony in this case, whether at trial, hearing, or deposition, and "CONFIDENTIAL" information may not be retained by the witness or prospective witness.

b.  Prior to displaying any "CONFIDENTIAL" information to any person, counsel must inform the person of the protected nature of the information and of this order. "CONFIDENTIAL" information may only be displayed to and discussed with outside consultants, experts, prospective witnesses, deposition witnesses, or trial witnesses on the condition that, prior to such display, the individual agrees to comply with this order, by signing a document substantially in the form of Exhibit A of this Court's Standing Protective Order, ECF 6.

c.  It shall be the responsibility of counsel to bring this order to the attention of all persons within their respective firms and all outside consultants and experts to whom they disclose protected information and to ensure that all such persons comply with the terms of this order.

d.  The filing of materials containing "CONFIDENTIAL" information shall conform to Federal Rule of Civil Procedure 5.2 and the Court's "Electronic Filing Policies and Procedures."

6.  Deposition transcripts or recordings may also be designated as "CONFIDENTIAL" in the event there is a basis for such a designation.

7.  Any "CONFIDENTIAL" information which becomes part of an official judicial proceeding or which is filed with the Court is public, absent a motion by a party. "CONFIDENTIAL" information will only be filed under seal with the Court upon a proper motion

3

to seal in accordance with the Court's rules and applicable law, including Rule 5(e) of the Local Rules of this Court. The parties are authorized to admit into evidence or file unsealed with the Court any material designated as "CONFIDENTIAL," except the parties agree they will first notify all other parties at least 7 days prior to filing unsealed any materials designated "CONFIDENTIAL," specifying the materials that are to be filed unsealed. The parties agree to work together in good faith in the event another party wishes for such material to be partially redacted or filed under seal upon a motion and any disputes will be brought to the Court.

8.    This order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial. Nothing in this order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information. Nothing in this order in any way affects any party's right to withhold privileged information or highly sensitive law enforcement information. This order is without prejudice to the rights of any party to seek from the Court the modification of this order. The Court's standing protective order, ECF 6, also remains in effect.

The parties stipulate to the above as follows:

DATED: July 27, 2026

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JACQUELINE COLEMAN SNEAD
Deputy Director

ALEXANDRA MCTAGUE SCHULTE
Senior Litigation Counsel

*/s/Alessandra Faso*
ALESSANDRA FASO
Senior Litigation Counsel (IL Bar No. 6326883)
U.S. Department of Justice
Civil Division
Enforcement & Affirmative Litigation Branch
P.O. Box 386
Washington, DC  20044-0386
Tel: (202) 451-7728
Email: alessandra.faso@usdoj.gov

*Attorneys for the United States of America*

Respectfully submitted,

WILLIAM TONG
ATTORNEY GENERAL

By: /s/ *Janelle R. Medeiros*
Janelle Medeiros (ct30514)
Timothy Holzman (ct30420)
Edward Rowley (ct30701)
Assistant Attorneys General
Office of the Attorney General
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
Tel:  (860) 808-5020
Fax: (860) 808-5347
E-mail: Janelle.Medeiros@ct.gov
        Timothy.Holzman@ct.gov
        Edward.Rowley@ct.gov

*Attorneys for the Defendants*


It is so **ORDERED.**


Dated: _____

_____
The Honorable Vernon D. Oliver
United States District Judge