**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

UNITED STATES OF AMERICA      :      3:26-CV-00758-VDO
     *Plaintiff*      :
     :
     v.      :
     :
STATE OF CONNECTICUT, ET AL.      :
     *Defendants.*      :      JULY 30, 2026

**<u>OBJECTION TO SAIFULLAH KHAN'S
MOTION TO INTERVENE (ECF NO. 42)</u>**

The Defendants hereby respectfully object to Saifullah Khan's ("Khan") motion to intervene as a defendant in this matter. Mr. Khan's motion is meritless. He seeks to intervene to defend a law that is not challenged here. His intervention would inject a wholly unnecessary constitutional issue into this suit. He thus has no right to intervene under Fed. R. Civ. Pro. 24(a) nor should this Court permit him to intervene pursuant to Rule 24(b)(1)(B). The Court should deny the motion to intervene.

Mr. Khan, who has sued federal officers in Connecticut Superior Court pursuant to Section 1 of SB 397,[1] moved to intervene in this action to "defend" the constitutionality of Section 1. ECF No. 42, Pg. 8. Defendants are entirely aligned with Mr. Khan regarding the constitutionality of Section 1. They agree that Section 1 is a constitutional statute that creates a private cause of action designed to increase accountability and provide a real remedy for Connecticut residents whose constitutional rights are violated. The State is prepared to vigorously defend the law, *if it is ever challenged.* But it has not been challenged in this suit. This suit is not the appropriate avenue, and

---

[1] SB 397 has been signed into law as Public Act 26-14. Section 1 creates a private right of action against federal officials for constitutional violations.

1

this Court should not allow Mr. Khan to create a challenge to Section 1 that does not exist.

This case does not involve a challenge to Section 1 of SB 397. The United States has challenged the constitutionality of four specific sections of the law: Sections 3, 4, 5, and 6. None of these sections impact or relate to Mr. Khan's lawsuit or Section 1. And the relief the Plaintiff seeks has nothing to do with Section 1 of the law, despite Mr. Khan's claims. Rather, Plaintiff seeks very specific relief: "[t]hat this Court enter a judgment declaring that **Sections 3, 4, 5 and 6 of SB 397** violate the Supremacy Clause and are therefore invalid as to federal agencies and officers; That this Court preliminarily and permanently enjoin Defendants, as well as their successors, agents, servants, employees and attorneys, and all those working in concert with them, from enforcing **Section 3, 4, 5, and 6 of SB 397** against federal agencies and officers." ECF No. 1, Pg. 17 (emphasis added). Nowhere in any of Plaintiff's pleadings does it seek to enjoin, bar, or invalidate Section 1 of SB 397. This Court's decision in this case thus has no impact on Section 1 of SB 397.

For these reasons, the Court should deny Mr. Khan's motion to intervene.

Respectfully submitted,
DEFENDANTS

WILLIAM TONG
ATTORNEY GENERAL

By: /s/ *Janelle Medeiros*
Janelle Medeiros (ct30514)
Timothy Holzman (ct30420)
Edward Rowley (ct30701)
Assistant Attorneys General
Office of the Attorney General
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
Tel:  (860) 808-5020
Fax: (860) 808-5347
E-mail: Janelle.Medeiros@ct.gov
Timothy.Holzman@ct.gov

2

Edward.Rowley@ct.gov

**CERTIFICATION**

I hereby certify that on July 30, 2026, a copy of the foregoing was electronically filed and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's system.

U.S. DOJ-Civil Rights Dept.
Alexandra Schulte
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Alexandra.Schulte@usdoj.gov

Alexander T. Taubes
470 James Street
Suite 007
New Haven, CT 06513
203-909-0048
Email: alextt@gmail.com

/s/ *Janelle Medeiros*
Janelle Medeiros (ct30514)
Assistant Attorney General

3