**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 3:26-cv-758 |
| v. | **UNITED STATES' OPPOSITION TO KHAN'S MOTION TO INTERVENE** |
| STATE OF CONNECTICUT *et al.*, | |
| Defendants. | |

1

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................1

BACKGROUND .......................................................................................................................1

APPLICABLE LAW ................................................................................................................2

ARGUMENT............................................................................................................................3

    I.  MR. KHAN HAS NOT SHOWN A DIRECT, SUBSTANTIAL, AND LEGALLY
        PROTECTABLE INTEREST IN THE LITIGATION..................................................3

    II.  RESOLUTION ON THE MERITS HAS NO EFFECT ON MR. KHAN'S
        RIGHTS ...................................................................................................................5

    III.  ANY INTEREST MR. KHAN MAY HAVE IS ADEQUATELY REPRESENTED BY
        CONNECTICUT ......................................................................................................5

    IV.  PERMISSIVE INTERVENTION IS NOT WARRANTED ........................................6

    V.  THE UNITED STATES DOES NOT OPPOSE A TIMELY-FILED AMICUS
        BRIEF .......................................................................................................................7

CONCLUSION..........................................................................................................................8

**TABLE OF AUTHORITIES**

Page(s)

### *Cases*

*Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Alcoa Steamship Co.*,
No. 04 CIV. 4309, 2005 U.S. Dist. LEXIS 2735 (S.D.N.Y. Feb. 22, 2005) .................................. 4

*Catanzano v. Wing*,
103 F.3d 223 (2d Cir. 1996) .................................................................................................. 7

*City of Syracuse v. ATF*,
No. 1:20-CV-6885, 2021 U.S. Dist. LEXIS 102 (S.D.N.Y. Jan. 2, 2021) .................................... 4

*Floyd v. City of New York*,
770 F.3d 1051 (2d Cir. 2014) ............................................................................................. 2, 7

*Hester v. French*,
985 F.3d 165 (2d Cir. 2021) ................................................................................................... 5

*In re New York City Policing During Summer 2020 Demonstrations*,
27 F.4th 792 (2d Cir. 2022) .................................................................................................... 6

*John Wiley & Sons, Inc. v. Book Dog Books, LLC*,
315 F.R.D. 169 (S.D.N.Y. 2016) ........................................................................................... 2

*Kamdem-Ouaffo v. PepsiCo, Inc.*,
314 F.R.D. 130 (S.D.N.Y. 2016) ........................................................................................... 5

*Kearns v. Cuomo*,
No. 1:19-CV-902-EAW, 2019 U.S. Dist. LEXIS 175384 (W.D.N.Y. Oct. 9, 2019) ...................... 6

*Nat. Res. Def. Council, Inc. v. New York State Dep't of Env't Conservation*,
834 F.2d 60 (2d Cir. 1987) ..................................................................................................... 6

*United States Postal Service v. Brennan*,
579 F.2d 188 (2d Cir. 1978) ................................................................................................... 2

*United States v. City of NewYork*,
198 F.3d 360 (2d Cir. 1999) ............................................................................................... 3, 7

*United States v. City of New York*,
179 F.R.D. 373 (E.D.N.Y. 1998) .......................................................................................... 4, 7

*United States v. City of Rochester*,
No. 25-CV-6226-FPG, 2025 U.S. Dist. LEXIS 141109 (W.D.N.Y. July 23, 2025) ...................... 7

*United States v. Pitney Bowes, Inc.*,
25 F.3d 66 (2d Cir. 1994) ....................................................................................................... 2

*Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*,
922 F.2d 92 (2d Cir. 1990) ..................................................................................................... 3

ii

**Constitution and Statutes**

Substitute S.B. 397, Public Act No. 26-14, 2026
  Gen. Assemb., Reg. Sess. (Conn. 2026) ................................................................. *passim*

**Regulations and Rules**

Fed. R. Civ. P. 24 ................................................................................................ *passim*

**INTRODUCTION**

Saifullah Khan, a private individual, seeks to intervene as of right in the present litigation between the United States and Connecticut, because he claims he has a direct, substantial, and legally protectable interest, to wit: to defend Connecticut's law, define the scope of the litigation, and prevent an adverse court ruling that could be generally applicable to future cases including his own. Mr. Khan's motion should be denied. His alleged interests are at best collateral and risk complicating the litigation. Indeed, he is concerned with a section of SB 397 that he admits is nowhere in the Complaint. His substantive rights are in no way implicated by the litigation and will not be curtailed by it. And at any rate, Connecticut is fully engaged in this litigation and zealously defending its law; Mr. Khan's interests are fully protected.

For the reasons set forth below, Mr. Khan's motion should be denied. Should he wish to have his say, the United States does not oppose his filing a timely amicus brief.

**BACKGROUND**

The United States brings two Supremacy Clause claims in this case against the State of Connecticut, the Attorney General, the Chief State's Attorney, and the Deputy Chief State's Attorney, alleging that Sections 3, 4, 5, and 6 of Connecticut's recently-enacted law SB 397, impermissibly regulate the Federal Government and are unconstitutional. As explained at length in the United States' Complaint (ECF 1) and Motion for a Preliminary Injunction (ECF 12-1), those sections pertain to law enforcement officers, including federal ones, and subject those officers to legal liability. The Complaint does not challenge every provision of SB 397; Section 1, which purports to create a private right of action and which Mr. Khan seeks to preserve, is not among those challenged.

On July 23, 2026, Mr. Khan sought to intervene in this case. ECF 42-1 (hereinafter "Mot.").

1

On July 24, 2026, the Court ordered any party opposing intervention to do so by July 31, 2026. ECF 43. The United States now opposes Mr. Khan's motion to intervene.

**APPLICABLE LAW**

Rule 24(a)(2) establishes a four-part test for intervention as of right. Fed. R. Civ. P. 24(a)(2). The proposed intervenor must (1) file a timely motion, (2) claim "an interest relating to the property or transaction that is the subject of the action," and (3) be "so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest," and (4) the existing parties do not "adequately represent that interest." Fed. R. Civ. P. 24(a)(2). All four parts of the foregoing test must be met for intervention as of right. *See John Wiley & Sons, Inc. v. Book Dog Books*, *LLC*, 315 F.R.D. 169, 175 (S.D.N.Y. 2016) (citing *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994)).

Rule 24(b) sets forth the standard for permissive intervention. Rule 24(b)(1)(B) governs permissive intervention here: a person may intervene in the court's discretion if he or she "has a claim or defense that shares with the main action a common question of law or fact." In exercising that discretion, the court considers factors including undue delay, the nature and extent of the intervenor's interests, whether those interests are adequately represented by other parties, and whether the party seeking intervention will significantly contribute to the full development of the factual issues in the suit and the just and equitable adjudication of the legal questions presented. *United States Postal Service v. Brennan*, 579 F.2d 188, 191-92 (2d Cir. 1978). Thus, the court should consider two competing policies: "efficiently administrating legal disputes by resolving all related issues in one lawsuit, on the one hand, and keeping a single lawsuit from becoming unnecessarily complex, unwieldy or prolonged, on the other hand[.]" *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014).

2

**ARGUMENT**

**I.    MR. KHAN HAS NOT SHOWN A DIRECT, SUBSTANTIAL, AND LEGALLY PROTECTABLE INTEREST IN THE LITIGATION**

Under Rule 24(a)(2), the proposed intervenor must have a "direct, substantial, and legally protectable" interest in the subject matter of the action. *Washington Elec. Coop. Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 96-97 (2d Cir. 1990). Intervention "cannot be used as a means to inject collateral issues into an existing action." *Id.* at 97. An abstract level of similarity of the issues is insufficient. *United States v. City of New York*, 198 F.3d 360, 365 (2d Cir. 1999). If the particular topics raised by the proposed intervenor are not at issue, intervention as of right should be denied. *Id.*

Here, Mr. Khan has not shown a direct, substantial, and legally protectable interest in Sections 3, 4, 5, or 6 of SB 397—the only claims asserted in the Complaint. ECF 1 ¶¶ 56-67; Prayer ¶¶ A, B. Those sections seek to regulate law enforcement, but Mr. Khan is a private citizen. Nor can Mr. Khan assert a claim himself under those sections, as they do not grant private citizens a cause of action. *See generally* SB 397 §§ 3-6.

Mr. Khan instead claims other interests. The first is an alleged interest in the constitutionality of Section 1 of SB 397, because he claims that section grants him a private cause of action, and he claims that any decision in this case could affect Section 1 through its reasoning. Mot. 17. He hopes to prevent a decision adverse to the State that could be applied to Section 1 in the future. *Id.* If the mere fact that the reasoning of one case could affect a litigant in the future were sufficient to intervene, *anyone* could intervene as of right in *any* lawsuit. That is not the standard of Rule 24(a).

Mr. Khan's second alleged interest is in forcing both Connecticut and the United States to take positions on aspects of the law not at issue in the Complaint, including the scope of Section 1

3

and the severability of the law. Mot. 25. It is improper to seek intervention to include collateral issues. *See, e.g.*, *Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Alcoa Steamship Co.*, No. 04 Civ. 4309, 2005 U.S. Dist. LEXIS 2735, at \*31 (S.D.N.Y. Feb. 22, 2005) (denying motion where proposed intervenor had an interest in the suit "[a]t a macro level" but presented "decidedly different" claims); *City of Syracuse v. ATF*, No. 1:20-cv-6885, 2021 U.S. Dist. LEXIS 102 at \* 14-15 (S.D.N.Y. Jan. 2, 2021) (denying intervention where proposed intervenor's "submissions suggest that they seek to steer this litigation toward a Second Amendment challenge" which was outside the scope of the claims); *United States v. City of New York*, 179 F.R.D. 373, 381 (E.D.N.Y. 1998) (denying intervention where claimed interests were "broadly related" to the subject matter of the lawsuit but were nonetheless "extraneous to the issues before the court").

Mr. Khan's third alleged interest is to limit the scope of the lawsuit and any decision or injunction to the challenged provisions. Mot. 25-26 (contending that "only Mr. Khan will insist that any judgment stop at the provisions actually adjudicated"). To the extent he seeks to intervene to prevent this Court from issuing an advisory opinion, that too is beyond the scope of Rule 24(a). To the extent he seeks to intervene because he fears the United States may at some point amend its complaint to assert additional claims, the time to seek intervention would be if such an amendment were to occur. It is not appropriate for Mr. Khan to seek intervention to unilaterally expand the litigation himself. *City of Syracuse*, 2021 U.S. Dist. LEXIS 102 at \* 14-15; *City of N.Y.,* 179 F.R.D. at 381; *Am. Steamship Owners,* 2005 U.S. Dist. LEXIS 2735 at \*31.

Finally, Mr. Khan concedes he may not have an interest under SB 397 at all because his claim arose before the law was enacted and Connecticut has a presumption against retroactivity. Mot 15. He says this Court should not reach that question, which he says is more properly decided by a state court in Connecticut in his already-pending case. *Id*. Mr. Khan has the burden of showing

4

that he meets the requirements for intervention. *Kamdem-Ouaffo v. PepsiCo, Inc.*, 314 F.R.D. 130, 134 (S.D.N.Y. 2016). Because he concedes he may not have an interest at all under the statute and the issue as to statutory scope must be decided by another court, Mr. Khan has not carried his burden on the first prong of Rule 24(a). Accordingly, intervention as of right is not permitted.

## II.    RESOLUTION ON THE MERITS HAS NO EFFECT ON MR. KHAN'S RIGHTS

As explained in Part I, *supra*, Mr. Khan has not shown a direct, substantial, and legally protectable interest in this lawsuit, and for that reason alone his rights are not at issue. Moreover, if this Court concludes, as the United States has alleged and argued, that the challenged provisions of SB 397 violate the Supremacy Clause and are unconstitutional, Mr. Khan cannot have a legitimate or legally protectable interest in preserving those provisions. *Cf. A.H. v. French*, 985 F.3d 165, 184 (2d Cir. 2021) (holding that "the public interest is well served by the correction of this constitutional harm").

## III.    ANY INTEREST MR. KHAN MAY HAVE IS ADEQUATELY REPRESENTED BY CONNECTICUT

Rule 24(a) also requires Mr. Khan to show that the existing parties do not adequately represent his asserted interest, but Connecticut does adequately represent his interests (to the extent those interests are implicated at all).

The United States has raised a facial challenge to certain sections of SB 397 because they violate the Supremacy Clause. *See generally* ECF No. 1. Both Defendants and Mr. Khan seek to defend the constitutionality of the law. Mot. 3. Indeed, Mr. Khan asserts the very same defenses in his proposed Answer as Connecticut has asserted in its Opposition to the Preliminary Injunction Motion and Motion to Dismiss. *Compare* ECF 42-3 *with* ECF 31 & 30-1. He does not suggest that Connecticut's attorneys lack zeal. Mot. 3. Connecticut thus adequately represents Mr. Khan's interests in upholding SB 397 and defending against the United States' legal challenge. His

intervention, therefore, is unnecessary and improper. *Kearns v. Cuomo*, No. 1:19-cv-902-EAW, 2019 U.S. Dist. LEXIS 175384, at *16-17 (W.D.N.Y. Oct. 9, 2019) (denying intervention in suit challenging Green Light Law because "the Defendants have displayed a resolve to vigorously defend this lawsuit and the Green Light Law").

Mr. Khan argues his interests are not sufficiently aligned with Connecticut, relying on *In re New York City Policing During Summer 2020 Demonstrations*, 27 F.4th 792, 795 (2d Cir. 2022). But there, an organization representing police officers sought to intervene to protect the rights of officers in lawsuits that sought to change use of force policies and training, to ensure officer safety was safeguarded. *Id.* at 796-97. Some of those lawsuits were brought by the State itself against the police department, and thus the State and the police were adverse. *Id.* The facts here are simply not analogous. Mr. Khan also alleges his interests differ because he seeks money damages in his other case. Mot. 19. But, "[a] putative intervenor does not have an interest not adequately represented by a party to a lawsuit simply because it has a motive to litigate that is different from the motive of an existing party." *Nat. Res. Def. Council, Inc. v. New York State Dep't of Env't Conservation*, 834 F.2d 60, 61-62 (2d Cir. 1987).

Mr. Khan has not shown that his interests in upholding SB 397 will not be adequately defended by the State of Connecticut. His motion should be denied.

## IV.    PERMISSIVE INTERVENTION IS NOT WARRANTED

In the alternative, Mr. Khan seeks permissive intervention under Rule 24(b). Mot. 26-27. Permissive intervention balances the competing goals of "efficiently administrating legal disputes by resolving all related issues in one lawsuit, on the one hand, and keeping a single lawsuit from becoming unnecessarily complex, unwieldy or prolonged, on the other hand[.]" *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014). The court has broad discretion to deny permissive

intervention. *Floyd*, 770 F.3d at 1062 n.38 ("A denial of permissive intervention has virtually never been reversed." (quoting *Catanzano v. Wing*, 103 F.3d 223, 234 (2d Cir. 1996)).

Here, permissive intervention is not warranted because it would complicate and delay the litigation, including through additional claims and discovery requests. *See United States v. City of N.Y.*, 179 F.R.D. 373, 381 (E.D.N.Y. 1998) (denying permissive intervention where the claimed interests, "although broadly related to the subject matter of this action, [were] extraneous to the issues before the court")), *aff'd*, 198 F.3d 360 (2d Cir. 1999). As explained above, Mr. Khan seeks to expand the scope of the litigation with extraneous claims. While Mr. Khan suggests he may ask the court for permission to seek discovery, Mot. 27, the United States believes the legal questions in this facial challenge are amenable to summary judgment without discovery. Further, there is no way to keep "all related issues in one lawsuit"—if Mr. Khan's issues could even be considered related—because Mr. Khan has already filed a separate lawsuit that is pending on a separate track. Mot. 2-3. Further, as explained above, to the extent Mr. Khan's goal is defense of the challenged law, the State of Connecticut adequately represents those interests. For these reasons, and for all the reasons that intervention by right should be denied, permissive intervention should be denied.

## V.    THE UNITED STATES DOES NOT OPPOSE A TIMELY-FILED AMICUS BRIEF

Mr. Khan claims that he has an interest in "shaping" any precedent from this Court that may be applied to his own case in the future. Mot. 17. The solution is simple: Mr. Khan can file an amicus brief setting forth his position. *See United States v. City of Rochester*, No. 25-CV-6226-FPG, 2025 U.S. Dist. LEXIS 141109, at *2 (W.D.N.Y. July 23, 2025) (denying intervention but allowing amicus brief). The United States will not oppose a timely-filed amicus brief.

## CONCLUSION

For the foregoing reasons the United States respectfully requests that this Court deny Mr.

Khan's motion to intervene in its entirety.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

CHARLES E.T. ROBERTS
Senior Counsel to the Assistant Attorney General
Civil Division

JACQUELINE SNEAD
Deputy Director

*/s/Alexandra McTague Schulte*
ALEXANDRA MCTAGUE SCHULTE
Senior Litigation Counsel (NY Bar No. 4342911)
U.S. Department of Justice Civil Division
Enforcement & Affirmative Litigation Branch
P.O. Box 386
Washington, DC 20044-0386
Tel: (202) 718-0483
Email: alexandra.schulte@usdoj.gov

*Attorneys for the United States of America*
