UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, Plaintiff, | | |
| -against- | | **MEMORANDUM & ORDER** |
| STATE OF CONNECTICUT *et al.*, Defendants. | | 26-CV-758 (VDO) |

**VERNON D. OLIVER**, United States District Judge:

Before the Court is proposed Intervenor-Defendant Saifullah Khan's motion to intervene as of right and permissively in the present litigation between the United States and the State of Connecticut (the "Motion"). For the reasons that follow, the Motion is **denied**.

## I. BACKGROUND

The United States brought two Supremacy Clause claims in this matter against the State of Connecticut, the Attorney General, the Chief State's Attorney, and the Deputy Chief State's attorney (collectively, "the State"), alleging that Sections 3, 4, 5, and 6 of Connecticut's recently-enacted law, Senate Bill 397 ("SB 397" or "the Act"),[1] impermissibly regulate the Federal Government and are unconstitutional. These are the only sections of SB 397 challenged in this action, although the United States "reserve[ed] the right to bring additional challenges in the future" to other sections of the Act.[2]

[1] SB 397 has been signed into law as Public Act 26-14.

[2] ECF No. 1 at 2 n.1.

On July 23, 2026, Mr. Khan sought to intervene in this case by filing the instant Motion.[3] Specifically, he seeks to defend the constitutionality of Section 1 of SB 397, which is a portion of the Act that creates a private right of action against federal officials for constitutional violations.[4] Mr. Khan is actively litigating a matter pursuant to Section 1 of SB 397 in *Khan v. Uccello*. That matter was removed to the District of Connecticut on August 25, 2026, and is proceeding under Docket No. 26-CV-1365. Before removal, it was proceeding in Connecticut Superior Court under Case No. HHD-CV26-6228240-S. In that action, Mr. Khan sued Immigration and Customs Enforcement ("ICE") Officer Nicholas Uccello, among several unnamed defendants, for damages caused when the officers fired Tasers at him in the Abraham A. Ribicoff Federal Building and Courthouse in Hartford, Connecticut.[5] According to the complaint in that matter, the officers fired the Tasers after Mr. Khan ran away from the officers and towards an immigration judge.[6]

In the instant Motion, Mr. Khan indicated that both parties in this matter opposed the Motion and his proposed intervention.[7] Thus, the Court directed the parties to file their oppositions by July 31, 2026, and permitted Mr. Khan to reply by August 7, 2026.[8] The parties complied with this briefing scheduled, and the Court received the States' opposition on July

---

[3] *See* ECF No. 42.

[4] *See* ECF No. 42-1.

[5] ECF No. 42-4 at 29–40.

[6] *Id.* at 33.

[7] ECF No. 42-1 at 1.

[8] *See* ECF No. 43.

30, 2026, and the United States' opposition on July 31, 2026.[9] The Court received Mr. Khan's reply on August 7, 2026.[10]

## II. LEGAL STANDARD

Rule 24(a)(2) establishes a four-part test for intervention as of right. Fed. R. Civ. P. 24(a)(2). The proposed intervenor must (1) file a timely motion, (2) claim "an interest relating to the property or transaction that is the subject of the action," and (3) be "so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest," and (4) the existing parties do not "adequately represent that interest." *Id.* All four parts of the foregoing test must be met for intervention as of right. *See United States v. Yale Univ.*, 337 F.R.D. 35, 37–38 (D. Conn. 2021) (quoting *Wash. Elec. Co-op., Inc. v. Mass. Mun. Wholesale Elec. Co*., 922 F.2d 92, 96 (2d Cir. 1990)).

Rule 24(b) sets forth the standard for permissive intervention. Rule 24(b)(1)(B) governs permissive intervention here: a person may intervene in the court's discretion if he or she "has a claim or defense that shares with the main action a common question of law or fact." In exercising that discretion, the court considers factors including undue delay, the nature and extent of the intervenor's interests, whether those interests are adequately represented by other parties, and whether the party seeking intervention will significantly contribute to the full development of the factual issues in the suit and the just and equitable adjudication of the legal questions presented. *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191–92 (2d Cir. 1978). Thus, the court should consider two competing policies: "efficiently administrating legal disputes by

[9] *See* ECF Nos. 52 (Connecticut's Opposition), 53 (United States' Opposition).

[10] *See* ECF No. 55.

resolving all related issues in one lawsuit, on the one hand, and keeping a single lawsuit from becoming unnecessarily complex, unwieldy or prolonged, on the other hand[.]" *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014) (per curiam) (cleaned up).

## III. DISCUSSION

### A. Rule 24(a)(2): Intervention as of Right

The Second Circuit has specified that the second factor of the Rule 24(a)(2)'s four-part test for intervention as of right requires a proposed intervenor to have a "direct, substantial, and legally protectable" interest in the subject matter of the action. *Wash. Elec. Co-op.*, 922 F.2d at 96–97 (2d Cir. 1990). If the particular topics raised by the proposed intervenor are "remote from the subject matter of the proceeding" or "contingent upon the occurrence of a sequence of events," intervention as of right should be denied. *Id.* at 97. This is because intervention "cannot be used as a means to inject collateral issues into an existing action." *Id.*

Mr. Kahn's first stated interest is that the United States' requested relief is broad enough to encompass Section 1, although the challenge is only to Sections 3, 4, 5, and 6.[11] This claim directly contradicts the Complaint, in which the United States seeks very specific relief: "[t]hat this Court enter a judgment declaring that ***Sections 3, 4, 5, and 6*** violate the Supremacy Clause," and that this Court enjoin Defendants from "enforcing ***Section 3, 4, 5, and 6*** of SB 397 against federal agents and officers."[12] As Mr. Khan explains in his filing, "the United States reserves a challenge to Section 1 without bringing it," and that the "United States challenges portions of Sections 3, 4, 5, and 6 only," not Section 1.[13] In this, the Court agrees.

[11] ECF No. 42-1 at 16.

[12] ECF No. 1 at 17 (emphasis added).

[13] ECF No. 42-1 at 4, 8.

A challenge to Section 1 is not before this Court, and any such challenge is speculative. The Complaint contains two Supremacy Clause claims—the first is a challenge to Sections 3, 4, and 5 of SB 397, and the second is a challenge to Section 6 of SB 397. Nowhere in the United States' pleadings does it seek to enjoin or invalidate Section 1 of SB 397.[14] And Mr. Khan cannot rightfully assert an interest in this proceeding by creating a challenge to Section 1 that does not exist.

Mr. Khan's second stated interest is that the precedential effect of any decision by the Court in this matter could impact his ongoing lawsuit, *Khan v. Uccello*, because he initiated that action under Section 1. He cites *Oneida Indian Nation of Wisconsin v. New York* for the proposition that in unusual circumstances the Court may allow an individual to intervene to assuage the impact of precedent.[15] 732 F.2d 261 (2d Cir. 1984). In *Onedia*, however, there was a "substantial likelihood" that the claims of the intervenors would be impacted by the final judgment in the action. *Id.* at 265. Here, Mr. Khan cannot demonstrate that there is a substantial likelihood that his claims would be directly impacted by a decision in this matter because this matter does not concern Section 1 of SB 397—the section of the Act under which Mr. Khan brings his case. And any decision by this Court on the validity of the sections challenged in this action would not impact Mr. Khan's ability to proceed with his case under Section 1 of SB 397. Thus, his concern about the precedential impact of this matter on his action is misplaced. To the extent Mr. Khan seeks to defend his right to pursue the claims asserted in

---

[14] *See generally* ECF No. 1.

[15] ECF No. 42-1 at 16.

*Khan v. Uccello* under Section 1 of SB 397, the proper forum to do so is in that action, not this one.

Finally, Mr. Khan's third asserted interest is in the impact of a negotiated disposition on his claims.[16] He references the Court's (Nagala, J.) Order at ECF No. 21, which states that the parties could "agree to a temporary stay in enforcement of the challenged provisions[.]"[17] His concern is that the validity of Section 1 will not be adequately protected in these negotiations.[18] But a party cannot intervene as of right when their interest is so remote that it is "contingent upon the occurrence of a sequence of events before it becomes colorable." *Wash. Elec. Co-op*, 922 F.2d at 97. Here, Mr. Khan's claim that the State would sacrifice Section 1 in a negotiated disposition would require the occurrence of numerous, unlikely events. Mr. Khan cannot assert an interest based on such an attenuated issue.

Thus, Mr. Khan's request to intervene as of right fails on the second factor because he cannot demonstrate a "direct, substantial, and legally protectable" interest in this matter. As all four parts of the test governing intervention as of right must be satisfied to qualify for intervention, Mr. Khan cannot demonstrate that intervention as of right is required. *See Allco Fin. Ltd. v. Etsy*, 300 F.R.D. 83, 86 (D. Conn. 2014). Thus, his motion to intervene as of right under Rule 24(a) is **denied**.

---

[16] *Id.* at 17.

[17] *Id.*

[18] *Id.*

### B. Permissive Intervention

In the alternative, Mr. Khan seeks permissive intervention under Rule 24(b).[19] For permissive intervention, the Court weighs the following concerns: "efficiently administrating legal disputes by resolving all related issues in one lawsuit, on the one hand, and keeping a single lawsuit from becoming unnecessarily complex, unwieldy or prolonged, on the other hand[.]" *Floyd*, 770 F.3d at 1057 (cleaned up). Mr. Khan's intervention would complicate and delay the litigation. He seeks to protect Section 1 of SB 397—a previously undisputed portion of that Act—which would introduce an entirely new issue and cause this matter to become needlessly complex. Although his claims are broadly related to SB 397, they are extraneous to the issues before the Court. *See United States v. City of New York*, 179 F.R.D. 373, 381 (E.D.N.Y. 1998), *aff'd*, 198 F.3d 360 (2d Cir. 1999). Accordingly, Mr. Khan's motion for permissive intervention under Rule 24(b) is **denied.**

## IV. CONCLUSION

For the foregoing reasons, Mr. Khan has not demonstrated that his intervention is required by Rule 24(a) or warranted under Rule 24(b). Thus, his Motion to Intervene at ECF No. 42 is **DENIED**.

**SO ORDERED.**

Hartford, Connecticut
August 27, 2026

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge

[19] *Id.* at 26.