**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

THE UNITED STATES OF AMERICA,

Plaintiff,

v.

STATE OF CONNECTICUT *et al.*,

Defendants.

No. 3:26-cv-758

**NOTICE OF CORRECTION AND COMPLIANCE**

On September 1, 2026, this Court ordered both parties to "review their filings in this matter and by 8:30 AM on September 3, 2026, file notices either: (1) correcting these errors; or (2) certifying that their citations are accurate, do not contain misquotes, and do not misrepresent the law." ECF 61. Pursuant to that Order, the undersigned attorney personally reviewed the filings by the United States in this matter (ECF 1, 12, 12-1, 45, 45-1, 46, 47, 53, 54) and provides the following corrections to ensure compliance with the Court's order. The United States confirms that it did not use artificial intelligence in preparing its filings and each of the errors noted below is a *human* error.

**ECF No. 1: Complaint**

¶ 1, ¶ 17: *United States v. Washington*, 596 U.S. 832, 838–39 (2022) (The Supremacy Clause "prohibit[s] state laws that either regulat[e] the United States directly ~~or~~ *or* discriminat[e] against the Federal Government….");

¶ 1: *E.g.*, *United States v. California*, No. 26-926, -- F.4th -- 2026 WL 1088674 at *4-5 (9th Cir. Apr. 22, 2026).

¶ 26: "establish an uniform Rule of Naturalization," U.S. Const. art. I § 8, cl. 4,

¶ 26: *Arizona v. United States*, 567 U.S. 387, 395-96 (2012).

¶ 32: "any federal law enforcement officer as defined under 18 ~~U.S.C.~~ USC 115(c)(1) and 34 ~~U.S.C.~~ USC 50301(5)." *Id.* § 51-277a(a).

¶ 35: *See United States v. California*, No. 2:25-cv-10999, 2026 WL 363346, at *11-12 (C.D. Cal. Feb. 9, 2026) (holding that mask laws ~~were an unlawful direct regulation of the Federal Government that also unlawfully~~ discriminated against the Federal Government)

¶ 51: *Davis*, 100 U.S. at 262–63 ~~(1879)~~;

**ECF No. 12-1: Memorandum in support of Motion for Preliminary Injunction**

Page 6, lines 2-3: Any federal agent who violates either of Sections 6(b) or 6(c) "shall be guilty of a class D misdemeanor" which is punishable by up to 30 days in jail. § 6(b), (c); Conn. Gen Stat. § 53a26(d)(4).

Page 8, line 14-16: *New York v. United States Dep't of Homeland Sec.*, 969 F.3d 42, 58 ~~-59~~ (2d Cir. 2020) (quoting *Winter v. NRDC*, 555 U.S. 7, 20 (2008)). Where, as here, the government is a party to the suit, the final two factors merge. *Id.* at 59. (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

Page 10 line 4-6: Indeed, the very fact that a state is attempting to regulate the conduct of the Federal Government inflicts a ~~"~~sovereign injury~~"~~ on the United States.

Page 10 line 12: Cleveland Decl. ¶ ~~15~~ 17.

Page 12, line 1: Cleveland Decl. ¶ ~~17, 18~~ 19, 20

Page 13, line 2: Under the Supremacy Clause, States have no power to "in any manner control~~[]~~ the operations of" the Federal Government. *McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 436 (1819).

Page 13, line 9: *Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, ~~175~~ 180 (1988) (citation omitted)

Page 13, last line: Simply put, "states may not directly regulate the Federal Government's operations[.]" *Blackburn v. United States*, 100 F.3d 1426, 1435 (9th Cir. 1996).

Page 14, line 6: *Davis*, 100 U.S. at ~~262-63~~ 263.

Page 15 line 11: Any agent who violates either of Sections 6(b) or 6(c) "shall be guilty of a class D misdemeanor" which is punishable by up to 30 days in jail. § 6(b), (c); Conn. Gen Stat. § 53a26(d)(4).

Page 15 line 18: *United States v. California*, 173 F.4th at 1065, 1067.

Page 15 line 22: *Id.* at 1067.

Page 16 line 10: *Johnson*, 254 U.S. ~~51~~ at 57.

Page 16, line 11: *Davis*, 100 U.S. at ~~262-63~~ 263.

Page 17 line 14-16: "Supreme Court case law compels the rejection of a ~~*de minimis*~~ de minimis exception to the doctrine of intergovernmental immunity." *United States v. California*, 921 F.3d 865, 883 (9th Cir. 2019)

Page 18 line 18, *Pub. Utils. Comm'n of State of Cal. v. United States*, 355 U.S. 534, ~~543~~ 545 (1958)

Page 19, line 2: *United States v. California*, 173 F.4th at ~~1066~~ 1067

Page 22 line 11: Cleveland Decl. ¶ ~~17-18~~ 19-20.

Page 22 line 14: Cleveland Decl. ¶ ~~18~~ 20

Page 22 line 20: Cleveland Decl. ¶ ~~31~~ 33.

Page 23 line 6: *McCulloch*, 17 U.S. (4 Wheat.) at ~~327, 362~~400.

Page 24 line 2: *United States v. California*, 173 F.4th at 1069 (citation omitted).

Page 24 line 6: *Id.* ~~at 1060~~(quotations/citation omitted).

**ECF 45-1: Memorandum in support of Motion to Seal**

Page 5 line 20: *id.* at 1051.

**ECF 47: Reply in support of Preliminary Injunction Motion**

Page 3 line 4: "Supreme Court case law compels the rejection of a ~~*de minimis*~~ de minimis exception to the doctrine of intergovernmental immunity." *United States v. California*, 921 F.3d 865, 883 (9th Cir. 2019) .

Page 4 line 2: "a credible threat of harm sufficient to remove [the] claimed injury from the realm of speculation[.]" *NRDC, Inc. v. United States FDA*, 710 F.3d 71, 82 (2d Cir. 2013).

Page 4 line 12: *North Dakota v. United States*, 495 U.S. 423, 435 (1990) (plurality op.).

Page 4 lines 14-16: *McCulloch,* 17 U.S. at ~~431~~ 400 ("there is a plain repugnance" in letting states "interfer[e] with or control[]" the operations of the Federal Government~~"~~).

**ECF 54: Opposition to Motion to Dismiss**

Page 5 line 12: Any federal agent who violates either of Sections 6(b) or 6(c) "shall be guilty of a class D misdemeanor" which is punishable by up to 30 days in jail. § 6(b), (c); Conn. Gen Stat. § 53a26(d)(4).

Page 15 line 15-18: O'Brien Decl. ¶ ~~16~~ 17 ("Any attempt to impose or integrate Connecticut's use of force policy into the DOJ's use of force policy could reasonably be expected to increase the risk of death or serious physical injury to FBI Special Agents and others.");

Page 16 line 6: *Johnson*, 254 U.S. ~~51~~ at 57.

Page 16, line 6: *Davis*, 100 U.S. at ~~262-63~~ 263.

Page 17 line 14-16: California, 173 F.4th at 1067-68 (holding that a law was likely invalid under the Supremacy Clause because it "directly regulates inherently governmental conduct of federal officers carrying out their duties under federal authority") (emphasis original).

Page 28 last line: *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 688 (2d Cir. 2013) (citation omitted).

Page 31 line 10: Cleveland Decl. ¶~~17-18~~ 19-20.

Page 31 line 14: Cleveland Decl. ¶ ~~18~~ 20

Subject to the above corrections, the undersigned attorney for the United States affirms that that the citations in ECF Nos. 1, 12, 12-1, 45, 45-1, 46, 47, 53, 54 are accurate, do not contain misquotes, and do not misrepresent the law.

Respectfully submitted,

BRETT SHUMATE
Assistant Attorney General
Civil Division

JACQUELINE COLEMAN SNEAD
Deputy Director

By: */s/ Alexandra McTague Schulte*
Senior Litigation Counsel
U.S. Department of Justice
Civil Division
Enforcement & Affirmative Litigation
P.O. Box 386

Washington, D.C. 20044.
Alexandra.schulte@usdoj.gov

*Attorneys for the United States of America*