APPEAL,EFILE

# U.S. District Court
# District of Connecticut (New Haven)
# CIVIL DOCKET FOR CASE #: 3:26-cv-00758-VDO

USA v. State of Connecticut et al
Assigned to: Judge Vernon D. Oliver
Cause: 28:2201 Constitutionality of State Statute(s)

Date Filed: 05/15/2026
Jury Demand: None
Nature of Suit: 950 Constitutional - State Statute
Jurisdiction: U.S. Government Plaintiff

**Plaintiff**

**USA** represented by

**Alexandra Schulte**
DOJ-Civ
Enforcement & Affirmative Litigation
PO Box 386
Washington, DC 20044
202-718-0483
Email: alexandra.schulte@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alessandra Faso**
DOJ-Civ
P.O. Box 386
Washington, DC 20044
202-451-7728
Email: alessandra.faso@usdoj.gov
*TERMINATED: 09/14/2026*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**State of Connecticut** represented by

**Edward David Rowley**
Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
860-808-5450
Email: edward.rowley@ct.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Janelle Medeiros**
Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106

860-808-5020
Fax: 860-808-5347
Email: janelle.medeiros@ct.gov
*TERMINATED: 09/04/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy J. Holzman**
State of CT, Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
860-808-5210
Email: timothy.holzman@ct.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ned Lamont**
*Governor of Connecticut, in his official capacity*

represented by **Edward David Rowley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Janelle Medeiros**
(See above for address)
*TERMINATED: 09/04/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy J. Holzman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**William Tong**
*Attorney General of Connecticut, in his official capacity*

represented by **Edward David Rowley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Janelle Medeiros**
(See above for address)
*TERMINATED: 09/04/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy J. Holzman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Patrick Griffin**
*Chief State's Attorney of Connecticut, in his official capacity*

represented by **Edward David Rowley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Janelle Medeiros**
(See above for address)
*TERMINATED: 09/04/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy J. Holzman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Eliot D. Prescott**
*Deputy Chief State's Attorney, Inspector General, in his official capacity*

represented by **Edward David Rowley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Janelle Medeiros**
(See above for address)
*TERMINATED: 09/04/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy J. Holzman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Intervenor Defendant**

**Saifullah Khan**

represented by **Alexander T. Taubes**
Alexander T. Taubes
470 James Street
Suite 007
New Haven, CT 06513
203-909-0048
Email: alextt@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**Brandon Michael Hayes**

represented by **Brandon Michael Hayes**
159 Indian Hill Street
West Newbury, MA 01985

PRO SE

**Amicus**

| | | |
|---|---|---|
| **Citizens for Responsibility and Ethics in Washington** | represented by | **David A. Schulz**<br>Yale Law School<br>127 Wall Street<br>New Haven, CT 06511<br>212-663-6162<br>Email: david.schulz@yale.edu<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 05/15/2026 | 1 | COMPLAINT against Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong, filed by USA. (Attachments: # 1 Exhibit Exhibit A - SB397, # 2 Exhibit Civil Cover Sheet)(McTague, Alexandra) Modified on 5/15/2026 to correct party (Hushin, Z.). (Entered: 05/15/2026) |
| 05/15/2026 | | Request for Clerk to issue summons as to Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong. (McTague, Alexandra) (Entered: 05/15/2026) |
| 05/15/2026 | | CASE ASSIGNMENT: District Judge Sarala V. Nagala assigned to the case. If the District Judge issues an Order of Referral to a Magistrate Judge for any matter other than settlement, the matter will be referred to Magistrate Judge Thomas O. Farrish. (Oliver, T.) (Entered: 05/15/2026) |
| 05/15/2026 | 2 | Order on Pretrial Deadlines: Amended Pleadings due by 7/14/2026 Discovery due by 11/16/2026 Dispositive Motions due by 12/21/2026<br>Signed by Clerk on 5/15/2026.(Gaskins, A) (Entered: 05/15/2026) |
| 05/15/2026 | 3 | ELECTRONIC FILING ORDER FOR COUNSEL - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER Signed by Judge Sarala V. Nagala on 5/15/2026.(Gaskins, A) (Entered: 05/15/2026) |
| 05/15/2026 | 4 | Notice of Option to Consent to Magistrate Judge Jurisdiction to conduct all proceedings in this civil action (including presiding over a jury or non-jury trial) and to order the entry of final judgment.<br>(Gaskins, A) (Entered: 05/15/2026) |
| 05/15/2026 | 5 | **Notice to Counsel and Litigants Regarding AI-Assisted Research**: Attorneys and *pro se* litigants alike should exercise great caution in submitting any AI-generated language in filings before the Court. Use of AI without verification of the accuracy of the information it generates like any other shoddy research method from other sources or tools implicates Federal Rule of Civil Procedure 11, the central purpose of which is to deter baseless filings in district court and thus to streamline the administration and procedure of the federal courts. Rule 11 applies fully to actions filed by *pro se* litigants.<br><br>Therefore, all parties are on notice that the Court has a no-tolerance policy for any briefing (AI-assisted or not) that hallucinates legal propositions or otherwise |

| | | |
|---|---|---|
| | | severely misstates the law. Such filings will often result in sanctions absent reasonable excuse. *See generally Willis v. U.S. Bank Nat'l Ass'n et al*, No. 3:25-CV-516-BN, 2025 WL 1408897 (N.D. Tex. May 15, 2025).<br>Signed by Clerk on 5/15/2026.(Gaskins, A) (Entered: 05/15/2026) |
| 05/15/2026 | 6 | Standing Protective Order<br>Signed by Judge Sarala V. Nagala on 5/15/2026.(Gaskins, A) (Entered: 05/15/2026) |
| 05/15/2026 | 7 | NOTICE TO COUNSEL/SELF-REPRESENTED PARTIES : Counsel or self-represented parties initiating or removing this action are responsible for serving all parties with attached documents and copies of 1 Complaint, filed by USA, 4 Notice of Option to Consent to Magistrate Judge Jurisdiction, 2 Order on Pretrial Deadlines, 3 Electronic Filing Order, 6 Standing Protective Order, 5 Notice re: AI-Assisted Research,<br>Signed by Clerk on 5/15/2026.(Gaskins, A) (Entered: 05/15/2026) |
| 05/15/2026 | 8 | ELECTRONIC SUMMONS ISSUED in accordance with Fed. R. Civ. P. 4 and LR 4 as to *Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong* with answer to complaint due within *60* days. Attorney *Alexandra Schulte DOJ-Civ* *Enforcement & Affirmative Litigation* *PO Box 386* *Washington, DC 20044*. (Gaskins, A) (Entered: 05/15/2026) |
| 05/20/2026 | 9 | NOTICE of Appearance by Janelle Medeiros on behalf of Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong (Medeiros, Janelle) (Entered: 05/20/2026) |
| 05/20/2026 | 10 | NOTICE of Appearance by Timothy J. Holzman on behalf of Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong (Holzman, Timothy) (Entered: 05/20/2026) |
| 05/20/2026 | 11 | NOTICE of Appearance by Edward David Rowley on behalf of Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong (Rowley, Edward) (Entered: 05/20/2026) |
| 05/22/2026 | 12 | MOTION for Preliminary Injunction by USA.Responses due by 6/12/2026 (Attachments: # 1 Memorandum in Support, # 2 Affidavit O'Brien, # 3 Affidavit Allen, # 4 Affidavit Egerton, # 5 Affidavit DuBan, # 6 Affidavit Cleveland) (Schulte, Alexandra) (Entered: 05/22/2026) |
| 05/26/2026 | 13 | ORDER. Although counsel for Defendants has appeared in this action, *see* ECF Nos. 9, 10, 11, Plaintiff has not filed proof of service. Plaintiff is directed to do so as soon as possible, so the Court may determine the proper deadline for Defendants to answer or respond to the complaint.<br><br>Defendants' deadline to respond to the motion for a preliminary injunction is **June 12, 2026**, given that defense counsel has appeared and no motion for expedited resolution has been filed. Signed by Judge Sarala V. Nagala on 5/26/26. (JH) (Entered: 05/26/2026) |
| 05/26/2026 | 14 | Set Deadlines as to 12 MOTION for Preliminary Injunction. Responses due by 6/12/2026. (sd) (Entered: 05/27/2026) |
| 05/27/2026 | 15 | MOTION for Status Conference by Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong. (Medeiros, Janelle) (Entered: |

| | | |
|---|---|---|
| | | 05/27/2026) |
| 05/28/2026 | 16 | ORDER granting 15 Motion for Status Conference. The Court will communicate with counsel to choose a mutually-available date and time next week for a Zoom conference. Signed by Judge Sarala V. Nagala on 5/28/26. (JH) (Entered: 05/28/2026) |
| 05/28/2026 | 17 | SUMMONS Returned Executed by USA. All Defendants. (Schulte, Alexandra) (Entered: 05/28/2026) |
| 05/28/2026 | 18 | NOTICE regarding hearing via Zoom: The Status Conference scheduled for 6/2/2026 at 1:00PM will be conducted via Zoom.<br><br>Call-in and Public Access Number: +1 646 828 7666<br><br>Meeting ID: 165 955 1702<br><br>Meeting Password: 635853<br><br>*The Court will distribute the video link to the parties via email.*<br><br>Please note: **Members of the public are permitted to join this hearing by audio only using the public access number above. Video participation is permitted by the parties and counsel only.** This is in accordance with the remote access policies of the Judicial Conference of the United States, which governs the practices of the federal courts. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings.<br><br>NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/ THE PARTIES WILL RECEIVE. **All Counsel Must Wear Headphones with Microphone Attached During the Hearing** . ( Status Conference set for 6/2/2026 at 01:00 PM in Remote Setting before Judge Sarala V. Nagala) (sd) (Entered: 05/28/2026) |
| 05/29/2026 | 19 | ORDER. Based on the proof of service filed at ECF No. 17, Defendants must answer or otherwise respond to the complaint by **June 8, 2026**. Signed by Judge Sarala V. Nagala on 5/29/56. (JH) (Entered: 05/29/2026) |
| 05/29/2026 | | Answer deadline updated for Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong to 6/8/2026. (mp) (Entered: 06/01/2026) |
| 06/02/2026 | 20 | Minute Entry for proceedings held before Judge Sarala V. Nagala: Status Conference held on 6/2/2026; 36 minutes.(Court Reporter Denae Hovland.) (sd) (Entered: 06/02/2026) |
| 06/02/2026 | 21 | ORDER. During the conference on June 2, 2026, the Court held as follows:<br><br>First, in their motion for a status conference, ECF No. 15, and during the conference on June 2, Defendants proposed consolidating the preliminary injunction proceedings with a trial on the merits pursuant to Fed. R. Civ. P. 65(a)(2). The Court declines to exercise its discretion to consolidate the proceedings.<br><br>Defendants proposed a period of discovery, to be followed by opposition to the motion for a preliminary injunction to be filed in November of 2026. However, |

| | | |
|---|---|---|
| | | Defendants' articulation of their defenses to Plaintiff's motion are largely legal, rather than factual, arguments, and Defendants have not identified any specific discovery that may be necessary in order to fully respond to Plaintiff's preliminary injunction motion. Further, Plaintiff's motion raises imminence concerns: the challenged provisions of Connecticut law were recently enacted, on May 4, 2026, and became effective immediately upon passage, such that federal law enforcement officers may be subject to enforcement of challenged statutory provisions during the pendency of the preliminary injunction motion. Accordingly, the Court finds that there is not good cause to consolidate the proceedings, which would have the effect of delaying the resolution of the preliminary injunction motion for several months.<br><br>Counsel for Plaintiff indicated that Plaintiff is amenable to an extension of the briefing schedule for the motion, however. By **June 8, 2026**, the parties shall confer and propose a briefing schedule for Defendants' opposition and Plaintiff's reply. If Defendants envision a need to conduct specific discovery to meet Plaintiff's motion, Defendants should communicate such expectations with Plaintiff during the conference; if a dispute arises about the briefing schedule as a result, both sides shall set forth their positions in their June 8 notice for the Court's resolution. If the parties agree to a temporary stay in enforcement of the challenged provisions during the pendency of the preliminary injunction motion, the Court is open to reconsidering its decision on consolidation with the trial on the merits.<br><br>Defendants' deadline to answer or otherwise respond to the complaint is stayed and will be reset concurrently with the entry of a briefing schedule for the preliminary injunction motion. Signed by Judge Sarala V. Nagala on 6/2/26.(JH) (Entered: 06/02/2026) |
| 06/08/2026 | 22 | PROPOSED ORDER re 21 Order,,,,,,,,, by Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong. (Medeiros, Janelle) (Entered: 06/08/2026) |
| 06/09/2026 | 23 | ORDER. The Court has reviewed the parties' proposals for a briefing schedule related to the United States' pending motion for a preliminary injunction. The Court finds that Defendants have set forth good cause for their proposed briefing schedule. Additionally, Defendants' request for copies of any policies mentioned or incorporated by reference into Plaintiff's complaint, its motion for preliminary injunction, and the supporting declarations is reasonable and appropriate. Accordingly, by **July 6, 2026**, Plaintiff shall produce to Defendants any such policies, including but not limited to the Department of Justice and Department of Homeland Security use of force policies.<br><br>Defendants shall answer or otherwise respond to the complaint and respond to Plaintiff's motion for a preliminary injunction by **July 13, 2026**. Defendants shall disclose any policies on which they are relying along with their responses to the complaint and motion for preliminary injunction. Plaintiff may reply by **July 27, 2026**, and may move for additional time to reply if necessary. Signed by Judge Sarala V. Nagala on 6/9/26. (JH) (Entered: 06/09/2026) |
| 06/09/2026 | | Answer deadline updated for Patrick Griffin to 7/13/2026; Ned Lamont to 7/13/2026; Eliot D. Prescott to 7/13/2026; State of Connecticut to 7/13/2026; |

| | | |
|---|---|---|
| | | William Tong to 7/13/2026. (sd) (Entered: 06/10/2026) |
| 06/09/2026 | 24 | Set Deadlines as to 12 MOTION for Preliminary Injunction . Responses due by 7/13/2026 (sd) (Entered: 06/10/2026) |
| 07/02/2026 | 25 | MOTION for Leave to File Excess Pages by Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong. (Medeiros, Janelle) (Entered: 07/02/2026) |
| 07/07/2026 | 26 | ORDER granting 25 Motion to File Excess Pages. Defendant's brief in opposition to Plaintiff's motion for a preliminary injunction shall not exceed fifty pages in length. Signed by Judge Sarala V. Nagala on 7/7/2026. (sd) (Entered: 07/07/2026) |
| 07/10/2026 | 27 | NOTICE by USA re 23 Order,,,, *of compliance* (Schulte, Alexandra) (Entered: 07/10/2026) |
| 07/10/2026 | 28 | Rule 26(f) NOTICE: The Court has reviewed the file in this case to monitor the parties' compliance with Local Rule 26(f). Local Rule 26(f) provides that, within thirty days after the appearance of any defendant, the attorneys of record and any unrepresented parties must confer for purposes described in Fed. R. Civ. P. 26(f). Local Rule 26(f) further provides that, within fourteen days after the conference, the participants must jointly file a report of the conference using Form 26(f). It appears that more than forty-four days have passed since the appearance of a defendant in this case, but no report has been filed. Accordingly, it is hereby ordered that the parties must file on or before: **July 24, 2026**, (1) a written statement signed by all counsel of record demonstrating that this case is exempt from the requirement of filing a Rule 26(f) report; or (2) a Rule 26(f) report. Failure to comply with this order may result in dismissal of the complaint. Signed by Judge Sarala V. Nagala on 7/10/2026.(sd) (Entered: 07/10/2026) |
| 07/10/2026 | | Set Deadlines: Rule 26 Meeting Report due by 7/24/2026. (sd) (Entered: 07/10/2026) |
| 07/13/2026 | 29 | Consent MOTION for Leave to File *Amicus Curiae Brief* by Citizens for Responsibility and Ethics in Washington. (Attachments: # 1 Exhibit A - CREW's Amicus Brief)(Schulz, David) (Entered: 07/13/2026) |
| 07/13/2026 | 30 | MOTION to Dismiss by Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong.Responses due by 8/3/2026 (Attachments: # 1 Memorandum in Support of Defendants' Motion to Dismiss)(Holzman, Timothy) (Entered: 07/13/2026) |
| 07/13/2026 | 31 | Memorandum in Opposition *to Plaintiff's Motion for Preliminary Injunction* re 12 MOTION for Preliminary Injunction filed by Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong. (Attachments: # 1 Exhibit 1 - Prescott Declaration, # 2 Exhibit 2 - Cain Declaration, # 3 Exhibit 3 - Griffin Declaration, # 4 Exhibit 4 - Devlin Declaration, # 5 Exhibit 5 - Mello Declaration, # 6 Exhibit 6 - Shuchart Declaration, # 7 Exhibit 7 - Friedman Declaration, # 8 Exhibit 8 - Stoughton Declaration, # 9 Exhibit 9 - Lopez Declaration, # 10 Exhibit 10 - FBI Impersonation Alert, # 11 Exhibit 11 - USMS Impersonation Alert, # 12 Exhibit 12 - ICE Firearms Policy, # 13 Exhibit 13 - CBP Use of Force Policy, # 14 Exhibit 14 - Placeholder for Sealed Exhibit)(Holzman, Timothy) (Entered: 07/13/2026) |

| | | |
|---|---|---|
| 07/13/2026 | 32 | MOTION to Seal Exhibit 14 to Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction by Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong. (Holzman, Timothy) (Entered: 07/13/2026) |
| 07/13/2026 | 33 | UN-Sealed Document: Exhibit 14 to Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction by Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong re 32 MOTION to Seal Exhibit 14 to Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction . (Holzman, Timothy) (Main Document 33 replaced on 7/29/2026) (nk). Modified on 7/29/2026 to unseal per ECF 48.(nk). (Entered: 07/13/2026) |
| 07/14/2026 | 34 | ORDER OF TRANSFER. Case reassigned to Judge Vernon D. Oliver for all further proceedings. Signed by Judge Sarala V. Nagala on 7/14/2026. (sd) (Entered: 07/14/2026) |
| 07/16/2026 | 35 | ORDER granting 29 Motion for Leave to File Amicus Curiae Brief. The proposed amicus brief Citizens for Responsibility and Ethics in Washington ("CREW") submitted with its motion (ECF No. 29-1) shall be deemed submitted.<br>Signed by Judge Vernon D. Oliver on 7/16/2026. (SF) (Entered: 07/16/2026) |
| 07/17/2026 | 36 | ORDER re: 32 Motion to Seal. Defendants moved to seal 33 Exhibit 14 to their Opposition to Plaintiff's Motion for Preliminary Injunction because that document was designated as "CONFIDENTIAL" by Plaintiff pursuant to the Court's standing order at ECF No. 6.<br><br>However, the standing order does not provide for automatic sealing of designated material, and "[n]o document shall be sealed merely by stipulation of the parties." D. Conn. L. Civ. R. 5(e)(3). Rather, to seal a document, the Court must make "particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." *Id.*<br><br>The Court is unable to make such a finding at this time because 33 Exhibit 14 is extensively redacted and does not appear, on its face, to implicate privacy or security concerns that overcome the weight of the presumption of public access to court documents.<br><br>Out of an abundance of caution, 33 Exhibit 14 shall remain temporarily sealed. On or before **July 24, 2026**, Plaintiff may file a supplemental brief in support of Defendants' 32 Motion to Seal that: (1) explains the purpose of the confidentiality designation; (2) demonstrates clear and compelling reasons for the sealing of the exhibit; and (3) explains why sealing of the entire document is narrowly tailored to support those reasons.<br><br>Signed by Judge Vernon D. Oliver on 7/17/2026. (SF) (Entered: 07/17/2026) |
| 07/20/2026 | 37 | ORDER: The Court will hold in-person oral argument on the 12 Motion for Preliminary Injunction and 30 Motion to Dismiss on **August 25, 2026, at 2:00 PM**. A separate scheduling order shall issue.<br>Signed by Judge Vernon D. Oliver on 7/20/2026. (SF) (Entered: 07/20/2026) |
| 07/20/2026 | 38 | NOTICE OF E-FILED CALENDAR re: 12 MOTION for Preliminary Injunction , 30 MOTION to Dismiss . THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. Motion Hearing set for 8/25/2026 |

| | | |
|---|---|---|
| | | at 02:00 PM in Courtroom Three, 450 Main St., Hartford, CT before Judge Vernon D. Oliver. (sd) (Entered: 07/21/2026) |
| 07/21/2026 | 39 | Joint MOTION for Extension of Time until 30 days after decision on motions *to file* 26(f) report 28 Notice,,,, by USA. (Schulte, Alexandra) (Entered: 07/21/2026) |
| 07/22/2026 | 40 | ORDER granting 39 Motion for Extension of Time. The parties shall file the joint 26(f) Report **30 days** after the Court's adjudication of the 12 Motion for Preliminary Injunction and 30 Motion to Dismiss.<br>Signed by Judge Vernon D. Oliver on 7/22/2026. (SF) (Entered: 07/22/2026) |
| 07/23/2026 | 41 | NOTICE of Appearance by Alexander T. Taubes on behalf of Saifullah Khan (Taubes, Alexander) (Entered: 07/23/2026) |
| 07/23/2026 | 42 | MOTION to Intervene by Saifullah Khan.Responses due by 8/13/2026 (Attachments: # 1 Memorandum in Support, # 2 Affidavit Declaration of Saifullah Khan, # 3 Exhibit A - Proposed Answer, # 4 Appendix Exhibits B - G, # 5 Text of Proposed Order)(Taubes, Alexander) (Entered: 07/23/2026) |
| 07/24/2026 | 43 | ORDER: Any party opposing the 42 Motion to Intervene may file a response on or before **July 31, 2026**. Proposed Intervenor-Defendant Saifullah Khan may reply by **August 7, 2026**.<br>Signed by Judge Vernon D. Oliver on 7/24/2026. (SF) (Entered: 07/24/2026) |
| 07/24/2026 | 44 | NOTICE of Appearance by Alessandra Faso on behalf of USA (Faso, Alessandra) (Entered: 07/24/2026) |
| 07/24/2026 | 45 | MOTION to Seal ECF 31-1, 31-2, and 31-4 by USA. (Attachments: # 1 Memorandum in Support, # 2 Declaration of Deborah A. Edwards, # 3 Exhibit Proposed Exhibit 1 with Redactions, # 4 Exhibit Proposed Exhibit 2 with Redaction, # 5 Exhibit Proposed Exhibit 4 with Redaction)(Faso, Alessandra) (Entered: 07/24/2026) |
| 07/24/2026 | | Set Deadlines as to 42 MOTION to Intervene: Responses due by 7/31/2026 (nk) (Entered: 07/27/2026) |
| 07/27/2026 | 46 | Consent MOTION for Protective Order by USA.Responses due by 8/17/2026 (Attachments: # 1 Stipulated Supplemental Protective Order)(Faso, Alessandra) (Entered: 07/27/2026) |
| 07/27/2026 | 47 | REPLY to Response to 12 MOTION for Preliminary Injunction filed by USA. (Schulte, Alexandra) (Entered: 07/27/2026) |
| 07/28/2026 | 48 | ORDER **denying** 32 Motion to Seal. The Court hereby **unseals** Exhibit 14 to the Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction, as the United States reported in the 45 Motion to Seal that Exhibit 14 was inadvertently designated "CONFIDENTIAL." The United States does not oppose the unsealing of this document, as it recognizes that the document possesses the necessary redactions, and that the document is publicly available on ICE's website. *See* ECF No. 45 .<br>Signed by Judge Vernon D. Oliver on 7/28/2026. (SF) (Entered: 07/28/2026) |
| 07/28/2026 | 49 | ORDER **granting** 45 Motion to Seal. Exhibits 1, 2, and 4 (ECF Nos. 31-1, 31-2, 31-4) submitted in support of Defendants' opposition to Plaintiff's motion for preliminary injunction (the "Exhibits") shall be **sealed**. The redacted versions of the Exhibits (ECF Nos. 45-3, 45-4, 45-5) submitted with the 45 Motion to Seal |

shall be considered the public versions of the documents pursuant to Local Rule 5(e)(4).

The Exhibits, as filed, contain the names of FBI employees who are not high-level or public facing, the direct work contact information of FBI employees, and an FBI employee's email address hyperlink. The United States moves to seal this specific information to protect the privacy of these employees. Connecticut consents only to the sealing of phone numbers.

**Judicial Documents**. In determining whether to seal a document, or some portion thereof, the Court conducts a three-party inquiry. *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the record is a "judicial document," such that the presumption of public access attaches. *Id.* Second, if the record is determined to be a judicial document, the court "determines the weight of the presumption of access" to that document. *United States v. Erie Cty*., 763 F.3d 235, 239, 241 (2d Cir. 2014). Finally, the Court must "identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Mirlis*, 952 F.3d at 59.

The redacted portions of the Exhibits are not judicial documents, and therefore, the presumption of public access does not attach. A judicial document is one that is "relevant to the performance of the judicial function and useful in the judicial process." *Trump v. Deutsche Bank AG*, 940 F.3d 146, 151 (2d Cir. 2019). As the Second Circuit recently held in *Trump v. Deustsche Bank*, the names of parties unrelated to the matter are not judicial documents because they are not "relevant to the performance of the judicial function." *Id*. Here, the information sought to be redacted, specifically, the names of low-level FBI employees and their private contact information, is entirely irrelevant to the matter at hand. As such, the redacted information is not a judicial document, and the presumption of public access does not attach.

**Local Rule 5(e)(3)**. The inquiry, however, does not end there. Under District of Connecticut Local Rule 5(e)(3), "[a]ny such order sealing a judicial document shall include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons."

First, sealing is supported by clear and compelling reasons because the information sought to be sealed implicates the security and privacy of FBI employees who are not high-level or public facing. The Second Circuit has recognized that the privacy interests of third parties weigh heavily in the analysis of whether the presumption of access applies. *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). Further, federal law recognizes the need to protect such information. *See, e.g.*, 18 U.S.C. § 119 (providing protections for the mobile phone number of any officer or employee of the United States); 5 U.S.C. § 552(b)(7)(C) (precluding from production under the Freedom of Information Act (FOIA) "information compiled for law enforcement purposes" that "could reasonably be expected to constitute an unwarranted invasion of personal privacy"). In the FOIA context, for instance, courts customarily protect the names and direct contact information for law enforcement officers and administrative personnel. *See, e.g., Fabiano v. McIntyre*, 146 F. App'x 549, 550 (3d Cir. 2005) (per curiam) (affirming withholding of names of FBI personnel); *Schotz v. DOJ*, No. 14-1212, 2016 WL

| | | |
|---|---|---|
| | | 1588491, at *5 (D.D.C. April 20, 2016) (determining that direct office and cellular phone number of BOP attorney was properly redacted); *Rojas-Vega v. USCIS*, 132 F. Supp. 3d 11, 20 (D.D.C. 2015) (finding protection of "phone numbers, email addresses, names, signatures, and initials of … INS agents" appropriate). Here too, the safety and security of lower-level FBI employees is a clear and compelling reason to seal the redacted portions of the Exhibits.<br><br>Second, the sealing is narrowly tailored to protect the security of the FBI employees because the United States has only proposed limited redactions that remove these employees' names and contact information. The United States did not propose sealing large swaths of exhibits, or even an entire document. Indeed, it only seeks to redact specific information that implicates the safety of FBI employees.<br><br>As such, the Court finds that the sealing of the Exhibits is supported by clear and compelling reasons and is narrowly tailored to serve those reasons.<br><br>Signed by Judge Vernon D. Oliver on 7/28/2026. (SF) (Entered: 07/28/2026) |
| 07/29/2026 | 50 | ORDER granting 46 Motion for Protective Order. See attached.<br>Signed by Judge Vernon D. Oliver on 7/29/2026. (SF) (Entered: 07/29/2026) |
| 07/29/2026 | 51 | Docket Entry Correction re 33 Sealed Document - Exhibit 14 to Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction. Unsealed on 7/29/2026 per ECF 48. (nk) (Entered: 07/29/2026) |
| 07/30/2026 | 52 | OBJECTION re 42 MOTION to Intervene filed by Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong. (Medeiros, Janelle) (Entered: 07/30/2026) |
| 07/31/2026 | 53 | Memorandum in Opposition re 42 MOTION to Intervene filed by USA. (Schulte, Alexandra) (Entered: 07/31/2026) |
| 08/03/2026 | 54 | Memorandum in Opposition re 30 MOTION to Dismiss filed by USA. (Faso, Alessandra) (Entered: 08/03/2026) |
| 08/07/2026 | 55 | REPLY to Response to 42 MOTION to Intervene filed by Saifullah Khan. (Taubes, Alexander) (Entered: 08/07/2026) |
| 08/10/2026 | 56 | AMENDED NOTICE OF E-FILED CALENDAR re: 12 MOTION for Preliminary Injunction, 30 MOTION to Dismiss. THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. *RESET FROM 8/25/2026*. Due to a change in the Court's schedule, Motion Hearing re-set for 9/3/2026 at 10:00 AM before Judge Vernon D. Oliver. LOCATION: To Be Determined. (nk) (Entered: 08/10/2026) |
| 08/17/2026 | 57 | REPLY to Response to 30 MOTION to Dismiss filed by Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong. (Medeiros, Janelle) (Entered: 08/17/2026) |
| 08/27/2026 | 58 | ORDER denying 42 Motion to Intervene for the reasons stated in the attached memorandum.<br>Signed by Judge Vernon D. Oliver on 8/27/2026. (SF) (Entered: 08/27/2026) |

| | | |
|---|---|---|
| 08/31/2026 | 59 | UPDATED NOTICE OF E-FILED CALENDAR re: 12 MOTION for Preliminary Injunction, 30 MOTION to Dismiss. THIS IS THE ONLY NOTICE COUNSEL/ THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. *UPDATE TO RESET LOCATION ONLY*. Motion Hearing set for 9/3/2026 at 10:00 AM in **Courtroom Two,** 450 Main St., Hartford, CT before Judge Vernon D. Oliver. (nk) (Entered: 08/31/2026) |
| 08/31/2026 | 60 | NOTICE by Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong *re: Correction to Memorandum of Law in Support of Motion to Dismiss (ECF No. 30-1)* (Holzman, Timothy) (Entered: 08/31/2026) |
| 09/01/2026 | 61 | ORDER re: 60 Notice. Whether the misquote in Defendants' brief is the result of reliance on artificial intelligence or some other mistake, the Court **cautions** Defendants to ensure that future submissions only contain accurate representations. *See Barteca Holdings LLC v. Tacobarn Newtown LLC*, No. 26-CV-250 (VDO), 2026 WL 2253785 (D. Conn. Aug. 4, 2026).<br><br>Further, both parties shall review their filings in this matter and by **8:30 AM on September 3, 2026**, file notices either: (1) correcting these errors; or (2) certifying that their citations are accurate, do not contain misquotes, and do not misrepresent the law.<br><br>Signed by Judge Vernon D. Oliver on 9/1/2026. (SF) (Entered: 09/01/2026) |
| 09/02/2026 | 62 | NOTICE by Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong *re: Legal Citations* (Holzman, Timothy) (Entered: 09/02/2026) |
| 09/03/2026 | 63 | NOTICE by USA re 61 Order,, *of Correction and Compliance* (Schulte, Alexandra) (Entered: 09/03/2026) |
| 09/03/2026 | 64 | MOTION for Janelle R. Medeiros to Withdraw as Attorney by Patrick Griffin, Ned Lamont, Eliot D. Prescott, State of Connecticut, William Tong. (Medeiros, Janelle) (Entered: 09/03/2026) |
| 09/03/2026 | 65 | Minute Entry. Proceedings held before Judge Vernon D. Oliver: Motion Hearing held on 9/3/2026 re 12 MOTION for Preliminary Injunction filed by USA, 30 MOTION to Dismiss filed by Eliot D. Prescott, Patrick Griffin, Ned Lamont, State of Connecticut, William Tong.Taking under advisement 30 Motion to Dismiss; Taking under advisement 12 Motion for Preliminary Injunction; Total Time: 2 hours and 36 minutes(Court Reporter Corinne Thomas) (nk) (Entered: 09/03/2026) |
| 09/03/2026 | 66 | ORDER: In light of the extensive corrections Plaintiff and Defendants made in their notices, *see* ECF Nos. 62 and 63, the Court hereby **admonishes** those parties for submitting inaccurate citations and representations of the law to the Court. All future submissions by either party must be thoroughly cite checked and vetted before filing.<br>Signed by Judge Vernon D. Oliver on 9/3/2026. (SF) (Entered: 09/03/2026) |
| 09/04/2026 | 67 | ORDER granting 64 Motion to Withdraw. Janelle R. Medeiros is withdrawn as counsel for Defendants.<br>Signed by Judge Vernon D. Oliver on 9/4/2026. (SF) (Entered: 09/04/2026) |

| | | |
|---|---|---|
| 09/11/2026 | 68 | MOTION for Alessandra Faso to Withdraw as Attorney by USA. (Faso, Alessandra) (Entered: 09/11/2026) |
| 09/14/2026 | 69 | ORDER **granting** 68 Motion to Withdraw. Alessandra Faso is withdrawn as counsel for the United States.<br>Signed by Judge Vernon D. Oliver on 9/14/2026. (SF) (Entered: 09/14/2026) |
| 09/18/2026 | 70 | MOTION for Leave to File Amicus Curiae Brief by Brandon Michael Hayes. (ac) (Entered: 09/18/2026) |
| 09/21/2026 | 71 | ORDER **denying** 70 Motion for Leave to File an *Amicus Curiae* Brief. Brandon Hayes, a *pro se* filer, seeks to submit an amicus brief in this matter in his capacity as the President of the Natural Law Institute. The case caption in his motion lists four distinct, unrelated matters (including this one). Construed liberally, the proposed amicus brief appears to address philosophical questions about separation of powers and the liberty of individual citizens. In form and tone, the brief appears to be AI-generated.<br><br>"[D]istrict courts have broad inherent authority to permit or deny an appearance as amicus curiae in a case." *Kistler v. Stanley Black & Decker, Inc*., No. 22-CV-966 (SRU), 2023 WL 1827734, at *1 (D. Conn. Jan. 25, 2023) (quoting *Ross v. Mellekas*, No. 20-CV-319 (JBA), 2020 WL 8680019, at *1 (D. Conn. Aug. 5, 2020)). "The usual rationale for amicus curiae submissions is that they are of aid to the court and offer insights not available from the parties." *Ross*, 2020 WL 8680019, at *1 (quoting *United States v. El–Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994) "Thus, when those purposes are not served, typically, courts deny motions seeking leave to appear amicus curiae." *Id.* (cleaned up).<br><br>In reviewing the proposed brief and considering the current status of this action, the Court concludes Mr. Hayes's participation as an *amicus curiae* would not offer additional insight or otherwise aid the Court. The contents of his proposed brief have no bearing on the legal analysis in this matter and provide no relevant insight to this case. Accordingly, Mr. Hayes's 70 Motion for Leave to File an *Amicus Curiae* Brief is **denied**. The Court will not consider Mr. Hayes's filing in its decision on the pending motions or the merits of this case.<br><br>Signed by Judge Vernon D. Oliver on 9/21/2026. (SF) (Entered: 09/21/2026) |
| 09/21/2026 | 72 | NOTICE OF APPEAL as to 58 Order on Motion to Intervene by Saifullah Khan. Filing fee $ 605, receipt number ACTDC-8766766. (Taubes, Alexander) (Entered: 09/21/2026) |