**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>STATE OF CONNECTICUT *et al.*,<br>Defendants. | No. 3:26-cv-758<br>**NOTICE OF SUPPLEMENTAL AUTHORITY** |

The United States brings to this Court's attention the decision by the U.S. Court of Appeals for the Ninth Circuit in *United States v. California*, --- F.4th ---, No. 26-926, 2026 WL 3071018 (9th Cir. Oct. 14, 2026), involving a challenge similar to the instant case. The United States previously cited the panel's decision issuing an injunction pending appeal. *See* Motion for Preliminary Injunction, ECF 12-1 (citing *United States v. California*, 173 F.4th 1060 (9th Cir. 2026)). While the prior decision found the United States was likely to succeed on the merits of its claim, the recent decision held that "the United States is certain to succeed" and that "the United States has shown that § 10 of the No Vigilantes Act violates the Supremacy Clause." *California*, 2026 WL 3071018 at *2, *8.

In *California*, the United States brought facial constitutional challenges to two California laws. *Id.* at *2. At issue on appeal was the district court's denial of the United States' motion to preliminarily enjoin Section 10 of the "No Vigilantes Act," which required federal officers to visibly display identification while performing their duties or risk criminal prosecution by the State. *Id.* at *2, *4.

The Ninth Circuit reversed. *Id.* at *8. It held that "[t]he Supremacy Clause prohibits States from directly regulating federal operations even when regulating *state* operations in the same

manner"; that "Supreme Court case law compels the rejection of a de minimis exception to the doctrine of intergovernmental immunity"; and that "[a] state or local law that directly regulates the conduct of the federal government or discriminates against it is invalid, even if it is no more restrictive than federal law." *Id.* at *5 (citations and quotations omitted, emphasis original). It held that a state law is invalid under intergovernmental immunity if it "directly regulates the governmental conduct of the United States without congressional authorization" and "irrespective of whether the regulated activities are essential to federal functions or operations, and irrespective of the degree to which the state law interferes with such functions or operations." *Id.* *6. Because the law at issue applied to the Federal Government directly, it was unconstitutional. *Id.* The Ninth Circuit rejected the argument that intergovernmental immunity in a direct regulation case required a "substantial" burden on the Federal Government. *Id.* It likewise rejected the argument that requiring federal officers to wear identification was similar to a general purpose law such as how to turn a street corner because the challenged law applied exclusively to law enforcement and was not incidental in its effect. *Id.* at *7. The Ninth Circuit also rejected California's argument that individual officers may hold a qualified immunity defense because "[t]he immunity at issue here, however, belongs to the *United States*, which enjoys a distinct form of immunity under the Supremacy Clause: intergovernmental immunity" and whether any individual officer may have immunity was thus "irrelevant to whether the United States, or an agent exercising quintessentially governmental authority of the United States, is entitled to complete and total immunity from regulation of the type embodied in § 10." *Id.* (emphasis original).

The Ninth Circuit also held that " irreparable harm necessarily results from allowing California to enforce a law we hold is invalid, ab initio, under the Supremacy Clause." *Id.* at *8. It

further found the merged balance of hardships and public interest factors weighed in favor of the United States because all citizens have an interest in upholding the Constitution. *Id.*

Dated: October 27, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

CODY POPLIN
Deputy Assistant Attorney General

HILARY K. PERKINS
Director

JACQUELINE COLEMAN SNEAD
Deputy Director

*/s/Alexandra McTague Schulte*
ALEXANDRA MCTAGUE SCHULTE
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Enforcement & Affirmative Litigation Branch
P.O. Box 386
Washington, DC 20044-0386
Email: alexandra.schulte@usdoj.gov